Steven W. HOWELL, Appellant,

v.

The STATE of Texas, State.

No. 2–93–454–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 31, 1995.

Rehearing Overruled Oct. 12, 1995.

---

Elizabeth Horan and J. Rex Barnett, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section; Helena F. Faulker, Peter Keim, and Jason Schuette, Assistant Criminal District Attorneys, Fort Worth, for State.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON, (Former Justice) (sitting by assignment).

## OPINION

CAYCE, Chief Justice.

Appellant Steven W. Howell was convicted by a jury of possession of a controlled substance, namely cocaine, of less than twenty-eight grams, including any adulterants and dilutants.[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), 481.002(38), 481.102(3)(D) (Vernon 1992). After Howell pled "true" to one enhancement allegation and three habitual allegations, the court assessed his punishment at thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In two points of error, Howell contends the evidence is insufficient to support the conviction, and that the inclusion of a jury instruction on the law of parties constituted reversible error. We overrule the points of error and affirm the trial court's judgment.

Fort Worth Police Officer J.R. Burnette testified that at 4:50 p.m. on February 19, 1993, he was on routine patrol when he saw a car parked in the middle of the northbound lane of Prospect Street in Fort Worth. Because the car was blocking traffic, he stopped his marked patrol car to investigate. Howell was in the passenger seat, and George Ballez was behind the wheel.

Neither Howell nor Ballez noticed Officer Burnette because their attention was focused on something in the middle of the front seat.

When Officer Burnette looked through the window on the driver's side of the car, he saw Ballez holding a syringe and an opened piece of white paper folded in half and filled with white powder. Officer Burnette also saw Howell holding a large metal spoon covered with dried white residue. Howell eventually noticed Officer Burnette standing by the driver's door and said, "Hey, man, we're busted."

When Officer Burnette took the folded paper and powder from Ballez, Howell threw the spoon on the floorboard. Officer Burnette then saw Howell "remove a white piece of paper folded up and toss in [sic] over his shoulder into the back seat or the back floorboard." After a backup officer arrived several seconds later, Officer Burnette asked Howell to get out of the car, reached into the back seat and removed the folded up piece of paper containing white powder.

Howell's version of the events surrounding his arrest differed from Officer Burnette's. Howell testified he had been walking to a store to buy paint for a sign when he saw a friend in front of a house and asked her for a ride. She refused, but another person outside the house, Ballez, who Howell alleges he did not know, offered to give Howell a ride if he would loan Ballez five dollars to repay someone inside the house. Ballez told Howell he would drive to another house to get the five dollars to repay Howell, and would then drive him to get the paint for his sign. Howell agreed and loaned Ballez the money.

Howell said that after Ballez drove to various houses and spoke to several people, Ballez told Howell that he did not have the money but he did have two dimes of cocaine. Ballez then stopped the car and handed Howell a packet filled with white powder, which he offered to Howell to make up for taking his money. Howell testified he believed that Ballez was trying to "rip me off" by offering him baking soda rather than cocaine. Howell got mad, emptied the packet between the seats, and threw the paper in the back floorboard of the car. According to Howell, it was at that point that Officer

---

1. "Adulterants" and "dilutants" are substances that are added to a controlled substance to increase the bulk quantity of the controlled substance.

Burnette walked up to Ballez's side of the car.

Howell said he was not holding a spoon as Officer Burnette had testified and that he did not want any drugs; he just wanted his five dollars returned so he could buy paint. He also testified that when he noticed Officer Burnette, he said to Ballez "you're busted," not "we're busted."

The four confiscated items were introduced into evidence. A criminalist with the Fort Worth Police Department tested three of the items for drug analysis and described their contents as follows:

1) The piece of paper with white powder that Ballez had in his hand contained 0.11 grams of cocaine hydrochloride, including any adulterants and dilutants.

2) The piece of paper with white powder that Howell threw into the back seat contained 0.13 grams of cocaine hydrochloride, including any adulterants and dilutants.

3) The metal spoon that Howell was holding showed a cocaine residue according to presumptive tests performed; however, the criminalist did not perform a conclusive test.

The syringe held by Ballez was not tested by the criminalist.

In his first point of error, Howell asserts the evidence is insufficient to support his conviction for the offense of possession of cocaine. The Texas Health and Safety Code defines "possession" as "actual care, custody, control or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 1992). Howell does not dispute that Officer Burnette's testimony, if believed by the jury, would be sufficient to show Howell had knowledge of the presence of contraband in the car. Howell's position is that the evidence is insufficient to prove he possessed the requisite care, control, and management over the cocaine. *See Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Humason v. State*, 728 S.W.2d 363, 365 (Tex. Crim.App.1987). Howell asserts the only evidence adduced by the State regarding whether he actually possessed the cocaine was the testimony of the arresting officer, and that when Howell took the stand he vehemently denied being in possession of the cocaine, or being a party to his companion's possession of the cocaine. Thus, he concludes the "affirmative link" was not established between himself and the cocaine. *See Humason*, 728 S.W.2d at 365–66.

This court has previously held that under the rationale of *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991) the traditional "affirmative link" analysis requiring a direct "link" in a drug case between the contraband and the defendant, is no longer appropriate. *Brown v. State*, 878 S.W.2d 695, 699 (Tex. App.—Fort Worth 1994, pet. granted).[2] In *Geesa*, the court of criminal appeals abolished the "reasonable hypothesis analytical construct" approach to appellate review of circumstantial evidence cases. We held in *Brown* that "the 'affirmative link' concept of appellate review of the sufficiency of the evidence is simply a corollary to the 'reasonable hypothesis analysis'" rejected in *Geesa*. *Brown*, 878 S.W.2d at 699. Based on this rationale, we concluded that "because the 'affirmative link' analysis is so closely tied to the 'reasonable hypothesis analysis,' ... it is no longer viable in light of *Geesa*." *Id.* Only one other court has agreed with our rationale in *Brown* and abolished the affirmative link analysis. *Eaglin v. State*, 872 S.W.2d 332, 336–37 (Tex.App.—Beaumont 1994, no pet.).

■ We have reconsidered this court's reasoning and holding in *Brown*, and we find nothing in the language or logic of *Geesa* that can be reasonably interpreted as expressly or impliedly rejecting the affirmative link element of proof in unlawful possession of controlled substance cases. The affirmative link analysis is not a "standard of appellate review" as we held in *Brown*, but rather an element of an unlawful possession of a controlled substance offense which the State must prove to connect an accused who was not the sole person in possession or on the premises to the contraband. *See Villarreal v. State*, 865 S.W.2d 501, 503 n. 1 (Tex.App.—

2. The case was submitted to the Texas Court of Criminal Appeals on December 14, 1994, and remains pending as of the date of this opinion.

Corpus Christi 1993, pet. ref'd); *Williams v. State*, 859 S.W.2d 99, 101 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Accordingly, we disapprove of *Brown* to the extent it holds that the affirmative link analysis is a standard of appellate review and is no longer a viable element of proof in possession offenses.

■ In the present case, the State was required to prove an affirmative link between Howell and the contraband. It is our duty to review the evidence to determine whether there is sufficient evidence to establish the requisite affirmative link factors. In conducting this review, we are required to follow the standard of review enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). This standard recognizes the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.

■ If the accused is not in exclusive possession of the place where the contraband is found, it cannot be concluded that the accused had knowledge and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex. Crim.App. [Panel Op.] 1981). The jury in the instant case was charged on the alternative theories of possession as a principal and possession as a party. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon Supp.1995); TEX. PENAL CODE ANN. § 7.02(a) (Vernon 1994). Pursuant to this charge, the jury could find Howell guilty as the primary actor, if it concluded he had actual care, custody, control, or management of the drug; or, as a party, if it concluded that Howell, acting with intent to promote or assist Ballez's possession, solicited, encouraged, directed, aided, or attempted to aid Ballez in the commission of the offense.

■ Howell asserts that his mere presence at a place where drugs were being used or possessed by another person does not justify a finding of joint possession, or mean Howell was a party to the offense. *See Martin*, 753 S.W.2d at 387. However, presence at the scene may be considered in conjunction with other facts to show participation in the offense. *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex.Crim.App.1987). Further, participation in a criminal offense may be inferred from the circumstances. *Id.* at 684. In determining whether Howell acted as a party to the offense, the jury could examine the events occurring before, during, and after the commission of the offense, and could rely on Howell's actions that show an understanding and common design to commit the offense. *Estrada v. State*, 846 S.W.2d 332, 335–36 (Tex.Crim.App.1993).

In *Whitworth v. State*, 808 S.W.2d 566 (Tex.App.—Austin 1991, pet. ref'd), the court analyzed numerous opinions from the Texas Court of Criminal Appeals, and compiled a non-exclusive list of factors that tend to establish the essential elements of the offense of possession of a controlled substance:

(1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the accused was the driver of the automobile in which the contraband was found; (5) the contraband was found on the same side of the car seat as the accused was sitting; (6) the place where the contraband was found was enclosed; (7) the strong odor of marijuana was present; (8) paraphernalia to use the contraband was in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt; (10) the accused had a special connection to the contraband; (11) occupants of the automobile

gave conflicting statements about relevant matters; (12) the physical condition of the accused indicated recent consumption of the contraband found in the car; (13) traces of the contraband were found on the accused; and (14) affirmative statements connect the accused to the contraband. *Id.* at 569. Certain of these factors may bear on the care, custody, control, or management element of the offense; others may bear on knowledge; whereas, some may be relevant to both. The number of factors present is of less import than the logical force the factors have, alone or in combination, in establishing the elements of the offense. *Id.*

■ After reviewing all the evidence under the standard of review enunciated in *Jackson v. Virginia,* we conclude the evidence established an affirmative link between Howell and the cocaine, both as a primary actor and as a party to the transaction. When Officer Burnette first approached the car, Howell and Ballez were intently doing something in the middle of the front seat of the car. The officer observed Ballez holding a syringe and a folded piece of paper containing cocaine. Officer Burnette saw Howell holding a spoon which had visible cocaine residue on it. According to the officer, Howell told Ballez, "Hey, man, we're busted." After he saw the officer, Howell threw the spoon onto the floorboard, and furtively tossed into the back seat a piece of folded paper later found to contain cocaine. Howell admitted he was familiar with cocaine and had injected it on previous occasions. Officer Burnette testified that based upon his training and experience, spoons and syringes are common drug paraphernalia used to melt cocaine in preparation for injection into the body. The criminologist testified that the cocaine taken from Howell was the type that could be injected.

We find sufficient evidence for a rational jury to conclude beyond a reasonable doubt that Howell knowingly possessed cocaine by exercising care, custody, control, or management over the cocaine.

■ Additionally, the evidence established Howell's guilt as a party. The piece of paper that Officer Burnette removed from Ballez's hand contained 0.11 grams of cocaine. This evidence was sufficient to prove Ballez possessed a controlled substance. *See Segura v. State,* 850 S.W.2d 681, 685 (Tex. App.—Corpus Christi 1993, no pet.) (evidence must first show that another person possessed the controlled substance either exclusively or jointly). The cocaine and drug paraphernalia were either in Howell's possession or in his plain view and conveniently accessible to him. Howell and Ballez were the only occupants of the car. Officer Burnette saw Howell holding a metal spoon which contained visible cocaine residue, and both men were totally focused on what they were doing in the car. The evidence established that this type of cocaine can be melted in in a spoon, placed into a syringe, and injected into a person. Further, Officer Burnette testified it is common for people to share a syringe when injecting cocaine.

We find the evidence was sufficient to prove beyond a reasonable doubt that Ballez intentionally or knowingly possessed cocaine and that Howell, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Ballez to commit the offense.

We overrule Howell's first point of error.

In his second point of error, Howell complains of the inclusion in the jury charge of the instruction on the law of parties. Because we have held the evidence established Howell's guilt as a party, we hold the trial court did not err in instructing the jury on the law of parties. Howell's second point of error is overruled.

The judgment of the trial court is affirmed.