MEMORANDUM OPINION







11th Court of Appeals
Eastland, Texas
Opinion
 
Pierro Leroi Jackson
            Appellant
Vs. No. 11-03-00104-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            Pierro Leroi Jackson, appellant, appeals his conviction by a jury of the offense of possession
of a controlled substance, cocaine, in an amount of 4 grams or more but less than 200 grams. The
trial court, hearing evidence of prior offenses as alleged in the indictment, assessed his punishment
at 25 years in the Texas Department of Criminal Justice, Institutional Division. Jackson contends
in three points that the trial court erred in denying his motion to suppress unlawfully obtained
evidence; that the trial court erred when it refused his request for a charge on lesser included
offenses; and that the evidence is factually insufficient to support the jury’s verdict that he
knowingly possessed cocaine. We affirm.
            Jackson urges in point one that the trial court erred in denying his motion to suppress
evidence that was unlawfully obtained. A Waxahachie police officer who had been assigned to the
Southeast Metroplex Narcotics Task Force stopped Jackson for a traffic violation in Dallas County. 
After making the stop, the officer observed what he thought to be rocks of crack cocaine in the rear
passenger section of Jackson’s vehicle. After Jackson consented to the search of his vehicle, the
officer discovered additional cocaine in the trunk of Jackson’s vehicle. Jackson indicated that the
vehicle jointly belonged to him and his wife.
            Jackson moved to suppress evidence of the cocaine, urging the trial court to suppress it if it
was obtained in violation of the United States Constitution or laws of the State of Texas. The
motion was carried over to trial. At trial, the officer testified concerning the stop and the finding
of cocaine in the passenger section and trunk of Jackson’s vehicle. When the State offered into
evidence the can in the trunk that contained the cocaine, Jackson reurged his earlier objection. The
trial court overruled the objection. 
            To preserve error for appellate review, the complaining party must make a specific objection
and obtain a ruling on the objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex.Cr.App.2002). In
addition, the objection must be made at the earliest opportunity. Id. Also, the point on appeal must
comport with the objection made at trial. Id. 
            Jackson’s objection was not specific. A defendant seeking to suppress evidence on the basis
of a Fourth Amendment violation must allege the basis for a Fourth Amendment claim, such as that
the search or seizure occurred without a warrant. Bishop v. State, 85 S.W.3d 819, 822 (Tex.Cr.App.
2002). It reasonably follows that a defendant seeking to suppress evidence on the basis that the
evidence was unlawfully obtained under the laws of the State of Texas must allege the basis for such
a claim. Also, the Texas Rules of Appellate Procedure provide that, as a prerequisite to presenting
a complaint for appellate review, the complaint must be presented to the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific grounds were apparent
from the context. TEX.R.APP.P. 33.1(a)(1)(A). On appeal, Jackson claims that the officer’s traffic
stop was unlawful because he made the stop in Dallas County, outside the territorial limits of the
City of Waxahachie. This claim was never presented in any objection made to the trial court. 
Nothing in the context suggests that the basis of Jackson’s complaint was that the officer was outside
of his jurisdiction when making the traffic stop. We, therefore, hold that nothing is presented for
review. We overrule point one. 
            Jackson insists in point two that the trial court erred by refusing his request that a charge on
lesser included offenses be submitted to the jury. He contends that the trial court should have
submitted a charge with respect to the possession of cocaine in an amount of one to four grams and
possession of cocaine in an amount less than one gram. 
            To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex.Cr.App.1998). The first step is to decide
whether the offense is a “lesser included offense” as defined in TEX. CODE CRIM. PRO. ANN.
art. 37.09 (Vernon 1981). Moore v. State, supra at 8. The State does not dispute that possession
of the lesser amounts of cocaine constitutes a lesser included offense.
            The second step requires an evaluation of the evidence to determine whether there is some
evidence that would permit a rational jury to find that the defendant is guilty only of the lesser
offense, and not of the greater. Lofton v. State, 45 S.W.3d 649, 652 (Tex.Cr.App.2001); Moore v.
State, supra at 8. The evidence must be evaluated in the context of the entire record. Moore v. State,
supra at 8. There must be some evidence from which a rational jury could acquit the defendant on
the greater offense while convicting him of the lesser included offense. Id. The court may not
consider whether the evidence is credible, controverted, or in conflict with other evidence. Id. If
there is evidence from any source that negates or refutes the element establishing the greater offense,
or if the evidence is so weak that it is subject to more than one reasonable inference regarding the
aggravating element, the jury should be charged on the lesser included offense. Schweinle v. State,
915 S.W.2d 17, 19 (Tex.Cr.App.1996). 
            Andrew Macey testified that he is a chemist at the Texas Department of Public Safety crime
laboratory located in Garland. He said that he tested the material that had been identified as coming
from the vehicle driven by Jackson and that it contained cocaine weighing a total of 4.93 grams,
including any adulterants or dilutants. He indicated that no adulterant or dilutant showed up in his
instrumental analysis. Macey acknowledged that it was possible that there could have been
substances that were neither adulterants nor dilutants that he could not detect.
            Anthony Gipson, a detective with the narcotics division of the Dallas Police Department,
testified that he used the Southwest Institute of Forensic Sciences for testing cocaine. He indicated
that the reports from this lab contain, in addition to the total weight of the sample submitted, the
percentage of cocaine found within the sample. He also stated that the report would sometimes
identify what the other substance was. 
            The evidence is that the substance tested weighed over four grams, including adulterants and
dilutants, but that no adulterants, dilutants, or substances that did not fall in either category were
detected. The evidence also shows that it is theoretically possible for such substances to be present
but not detected during the testing. Finally, there was evidence that other labs provide more detailed
information. We hold that this evidence does not constitute evidence from which a rational jury
could determine that the substance in question weighed less than four grams, including adulterants
or dilutants. We also do not find the testimony concerning the weight of the substance to be so weak
as to be subject to more than one reasonable inference regarding the aggravating element.
Consequently, the trial court did not err in refusing Jackson’s requested charge on any lesser included
offense. We overrule point two. 
            Jackson asserts in point three that the evidence is factually insufficient to support his
conviction. In reviewing the factual sufficiency of the evidence to support a conviction, we are to
view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996). Evidence is factually
insufficient if it is so weak as to be clearly wrong and manifestly unjust or if the adverse finding is
against the great weight and preponderance of the evidence. Johnson v. State, supra at 11. 
Therefore, we must determine whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
verdict or that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due deference to the fact finder’s
determinations. Id. at 8-9; Clewis v. State, supra at 136. Consequently, we may find the evidence
factually insufficient only where necessary to prevent manifest injustice. Johnson v. State, supra
at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Cr.App.1997). 
            We have previously set forth a summary of the evidence presented. We hold that our review
of that evidence does not demonstrate that the proof of Jackson’s guilt is so obviously weak as to
be clearly wrong and manifestly unjust and undermines the confidence in the jury’s verdict; nor do
we find that the jury’s finding of guilt is against the great weight and preponderance of the evidence
due to the proof of guilt being greatly outweighed by contrary proof. We, therefore, conclude that
the evidence is factually sufficient to support the jury’s verdict. 
Jackson suggests that the evidence is insufficient because it failed to show a sufficient
affirmative link between him and the cocaine. When the evidence shows that the defendant does
not exclusively possess the place where the contraband was found, the State must affirmatively link
the accused to the contraband. Guiton v. State, 679 S.W.2d 66, 69 (Tex.App. - Dallas 1984), aff’d,
742 S.W.2d 5 (Tex.Cr.App.1987). The number of links present is not as important as the logical
force or the degree to which the factors, alone or in combination, tend to affirmatively link the
accused to the contraband. Whitworth v. State, 808 S.W.2d 566, 569 (Tex.App. - Austin 1991, pet’n 
ref’d.). 
            Factors that may establish affirmative links between an accused and the contraband include:
(1) the contraband was in plain view; (2) the contraband was conveniently accessible to the accused;
(3) the accused was the owner of the place where the contraband was found; (4) the accused was the
driver of the vehicle in which the contraband was found; (5) the contraband was found on the same
side of the car seat as the accused was sitting; (6) the contraband was found in an enclosed place;
(7) the strong odor of the contraband was present; (8) paraphernalia for the contraband’s use was
in view of or found on the accused; (9) conduct by the accused indicated a consciousness of guilt;
(10) the accused had a special connection to the contraband; (11) the occupants of the vehicle gave
conflicting statements about relevant matters; (12) the physical condition of the accused indicated
recent consumption of the contraband found in the vehicle; (13) traces of contraband were found on
the accused; and (14) affirmative statements connected the accused to the contraband. Howell v.
State, 906 S.W.2d 248, 252-53 (Tex.App. - Fort Worth 1995, pet’n ref’d); Whitworth v. State, supra
at 569. 
            The evidence reflects that a portion of the contraband was found in plain view; that it was
located on the floor just behind the seat occupied by Jackson; that Jackson, with his wife, was a co-owner of the vehicle where the contraband was found; that Jackson was driving the vehicle; and that
the contraband was found in an enclosed place. We hold that the evidence is factually sufficient to
support the conviction. 
            In contending that the evidence is factually insufficient, Jackson notes that his demeanor was
cooperative; that there is no evidence that he made any furtive gestures toward the contraband
located in the vehicle; that there is no evidence that he looked in the direction of the contraband or
that he could have reached it; that there is evidence that his wife is a co-owner of the vehicle; that
the trunk was locked and had to be accessed with a key; that the contraband in the trunk was located
in what appeared to be a “Desenex” can with a false bottom; that it was not apparent that the
“Desenex” can was a place to stash narcotics; and that there was no evidence that the items
recovered were submitted for fingerprint comparison. The fact that the State did not present evi-dence of every conceivable affirmative link, that Jackson co-owned the vehicle with his wife, that
no fingerprint comparisons were made, or that a portion of the items were locked in the trunk in
what appeared to be a “Desenex” can does not lead us to conclude that the evidence is factually
insufficient. 
            In urging that the evidence is factually insufficient, Jackson relies upon the case of Johnson
v. State, 978 S.W.2d 703, 707 (Tex.App. - Corpus Christi 1998), aff’d, 23 S.W.3d 1 (Tex.Cr.App.
2000). Johnson was accused of aggravated sexual assault. The complaining witness’s identification
of Johnson was not clear and unequivocal; and the circumstantial evidence that was presented -- 
such as DNA testing, Johnson’s having lived in the area where the assault occurred, his being
uncircumcised, his escaping from jail, and his living in an area near the complaining witness’s
apartment -- could all apply to many people other than him. Johnson v. State, 978 S.W.2d at 707. 
The court of appeals held that the evidence was factually insufficient to support the conviction. Id. 
The Texas Court of Criminal Appeals affirmed, holding that the court of appeals used the
appropriate standard in holding that the evidence was factually insufficient. Johnson v. State, 23
S.W.3d at 12. 
            The case at bar is distinguishable from Johnson in that there is no equivocal identification
testimony. We also find there to be a great difference between evidence showing that Jackson was
the driver and joint owner with his wife of the vehicle containing the cocaine, with a portion of the
contraband located in plain view of the vehicle, and the evidence showing that the defendant in
Johnson was part of a large group of people with the right DNA or a large group of people living
in the area where the defendant lived. We overrule point three. 
            The judgment of the trial court is affirmed
 
                                                                                    PER CURIAM
 
July 15, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and Hill, S.J.