Roberto Cavazos **SEGURA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–072–CR.

Court of Appeals of Texas, Corpus Christi.

March 4, 1993.

Rehearing Overruled April 29, 1993.

Israel Ramon, Jr., Ramon & Cantu, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Cynthia M. Villanueva, Asst. Dist. Attys., Edinburg, for appellee.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of possessing between 200 and 2,000 pounds of marihuana and assessed punishment at 20 years' confinement and a $50,000 fine. By four points of error, appellant challenges the sufficiency of the evidence and complains that the trial court erred by denying his requests to instruct the jury on possession and knowledge and to include the instructions in the application paragraph. We affirm the trial court's judgment.

By his first point of error, appellant challenges the sufficiency of the evidence supporting the verdict. He argues that the State failed to affirmatively link him to the marihuana that was found in the vehicle in which he was a passenger. The State responds that it was not required to affirmatively link appellant to the marihuana because appellant was charged only as a party. Appellant has not challenged the sufficiency of the evidence with regard to his conviction as a party. Nevertheless, we address the sufficiency of the evidence *sua sponte*, as we are empowered to do. *See Howeth v. State*, 645 S.W.2d 787, 788 (Tex. Crim.App.1983).

When we review the sufficiency of the evidence in a criminal case, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime established beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Prophet v. State*, 815 S.W.2d 836, 837 (Tex. App.—Corpus Christi 1991, no pet.). We also apply this standard to cases involving circumstantial evidence. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App.1991); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (opinion on rehearing). When the State does not object to a jury charge that enhances its burden, we measure the sufficiency of the evidence against that charge. *Fee v. State*, 841 S.W.2d 392, 396 (Tex.Crim.App.1992). In this case, the jury was charged that it could find appellant guilty *only* if it found that he solicited, encouraged, directed, aided or attempted to aid unknown persons in the offense of knowingly and intentionally possessing a usable quantity of marihuana over 200 pounds but less than 2,000 pounds.

To convict a person for possessing contraband substances, the State must prove 1) that the person exercised care, control, custody, or management over the contraband and 2) that the person knew the matter was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Garza Gonzalez v. State*, 783 S.W.2d 774, 777 (Tex.App.—Corpus Christi 1990, no pet.). When an accused does not have exclusive possession of the place where the contraband is found, he may not be convicted unless the State shows additional facts and circumstances which affirmatively link the accused to the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986). The trier of fact must be able to conclude from the evidence that the accused had knowledge of the contraband as well as control over it. *Martin*, 753 S.W.2d at 387. We must review each case for evidence of sufficient affirmative links by applying the general "rational trier of fact" standard. *Humason v. State*, 728 S.W.2d 363, 367 n. 12 (Tex.Crim.App.1987). Additional facts which can establish the affir-

mative link include: plain view, containers, convenient access, ownership of place, and operation of the vehicle. *Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim.App.1987).

To prove that a defendant is criminally responsible as a party, the State must prove that the defendant acted with the intent to promote or assist the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). The State must show that the defendant knew he was assisting the commission of the offense. *Amaya v. State*, 733 S.W.2d 168, 174 (Tex. Crim.App.1986). Participation in a criminal offense may be inferred from the circumstances. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App.1987). While an agreement of the parties to act together in common design can seldom be proved by direct evidence, the State can rely on the actions and words of the parties showing, by either direct or circumstantial evidence, an understanding and common design to do a certain act. *Mayfield v. State*, 716 S.W.2d 509, 514 (Tex.Crim.App.1986).

Mere presence at the scene of the offense is insufficient evidence of intentional participation in the offense. *Acy v. State*, 618 S.W.2d 362, 365 (Tex.Crim.App. 1981). Presence at the scene is a circumstance that may be used in conjunction with other facts to show participation in the offense. *Harris v. State*, 645 S.W.2d 447, 457 (Tex.Crim.App.1983). While flight alone will not support a guilty verdict, evidence of flight is a circumstance from which an inference of guilt may be drawn. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim.App.1981) (opinion on rehearing).

In this case, U.S. Customs agents Muñoz, Walker, and Funk were surveilling the McManus Farms area (the area from the Rio Grande north along Farm to Market Road 493) in Hidalgo County, Texas, on the evening of May 26, 1990. The agents were attempting to track five different vehicles spotted that night at McManus Farms: a white van, a brown and beige Ford Bronco, a beige and white Ford Bron-

co with a two-way radio antenna, a Chevrolet pickup, and a sedan.

Agent Funk saw the van, the pickup, the sedan, and the beige and white Bronco leave McManus Farms, travel west on U.S. Highway 281, and turn north on FM 493 toward the City of Donna. He lost sight of the vehicles, and Walker informed him that the vehicles had not entered the southern part of the City of Donna. Agent Funk searched for the vehicles at some apartments one mile north of the intersection of U.S. Highway 83 and FM 493, but did not find the vehicles there. He then received a radio report that the Bronco was being fueled at a convenience store at the intersection of Highway 83 and FM 493. Proceeding to the location, Funk found the Bronco he had seen earlier. Funk followed the Bronco to some apartments and turned the surveillance over to Walker. Agent Walker, traveling north on FM 493, followed the same Bronco to some apartments 2½ miles north of Highway 83. He then followed the beige and white Bronco south on FM 493 to Highway 281, where the Bronco turned east, traveled a short way, and turned south on a dirt road into McManus Farms. Thirty minutes later, the brown and beige Bronco exited McManus Farms and began travelling north on FM 493. Walker saw Hidalgo County Deputy Sheriff Cuellar in pursuit of the brown and beige Bronco with the beige and white Bronco following behind Cuellar.

When Cuellar attempted to stop the brown and beige Bronco, it turned east off FM 493, and Cuellar followed it. The beige and white Bronco then turned west off FM 493. Cuellar stopped the brown and beige Bronco, and the driver and passengers immediately fled in a northerly direction on foot. Cuellar discovered boxes in the Bronco that contained 338.75 pounds of marihuana. Muñoz and Funk immediately arrived on the scene and pursued the passengers into the brush, where they discovered appellant, who was scratched, sweaty, bleeding, and had mud on his pants. Appellant admitted being in the Bronco when it was stopped. Muñoz and Funk followed the same path that the Bronco's passen-

gers took, but did not get mud on their pants or shoes.

Agent Funk returned to the apartments he earlier surveilled, and there found the white van parked alongside a brown van which was registered to appellant. Both vans were muddy and contained marihuana seeds and an odor of marihuana. Both vans' doors and windows were open. Agent Funk testified that leaving the vehicles' doors and windows open was not normal and made little sense since there was heavy dew that night, causing the inside of the vehicles to get wet. The weather that night was dry with a light breeze, and dew formed after 1:00 a.m. The only area known to be muddy that night was the McManus Farms area. The owner of the white van worked at McManus Farms.

Appellant claimed that his car had broken down, that he was given a ride by the people in the Bronco, that he recognized the odor of marihuana in the Bronco, but that he could not escape because the vehicle was already moving. Agent Walker testified that he saw the Bronco emerge from McManus Farms and saw Cuellar in pursuit. Walker testified that he never saw the Bronco stop. Cuellar testified that he did not see the Bronco stop and that he did not see any vehicles parked on the side of the road.

The evidence is sufficient to affirmatively link appellant to the marihuana found in the Bronco. The State showed appellant's presence, his flight, and his flight in the direction taken by the other passengers in the Bronco. Appellant's muddy clothes and his presence in a vehicle which exited McManus farms indicated that he had probably been on the McManus Farms that night. The evidence also showed that appellant's vehicle was muddy, smelled of marihuana, contained marihuana seeds, and was parked beside a vehicle that was also muddy and was part of the caravan seen leaving McManus Farms that night. The jury could rationally conclude beyond a reasonable doubt that appellant possessed the marihuana.

■ The question remains whether the jury could rationally conclude that appellant was guilty as a *party* to the possession of marihuana by others. The evidence must first show that another person possessed the marihuana either exclusively or jointly. Again, the test for possession of a substance located in a place in which no one person has exclusive possession is whether there is evidence of affirmative links between a person and the substance.

The evidence shows that the unknown driver of the vehicle, who appellant testified was not himself, operated the vehicle containing the marihuana. The vehicle contained a strong odor of marihuana, which emanated from the boxes in the rear of the vehicle, even though the boxes were wrapped in clear plastic to help contain the odor. The boxes extended ¾ of the way to the ceiling of the Bronco and contained over 338 pounds of marihuana. The driver and all passengers fled when Cuellar stopped the vehicle.

The State's evidence shows that the driver operated the vehicle, the vehicle contained marihuana, the marihuana was in closed containers, the odor was strong, and the driver fled. The evidence is sufficient to affirmatively link the unknown driver to the marihuana. *See Guiton*, 742 S.W.2d at 8.

Having found the evidence sufficient to show that at least two persons (appellant and the unknown driver) were in possession of the marihuana, the evidence must show that appellant solicited, encouraged, directed, aided, or attempted to aid the other's possession. Again, the test is whether a jury could rationally conclude beyond a reasonable doubt that appellant solicited, encouraged, directed, aided, or attempted to aid another's possession.

■ A person who possesses a substance exercises "care, custody, control, or management" over the substance. TEX. PEN.CODE ANN. § 1.07(a)(28) (Vernon 1974). A person who possesses an article may exercise custodial and managerial powers to ensure exclusivity of possession, to allow others access only, or to allow others to exercise "care, custody, control, or management" over the article. A rational jury

can conclude beyond a reasonable doubt that two persons who have joint care, custody, control, or management over the same article are aiding each other's care, custody, control, or management of the article. Each person in joint possession aids the other's possession by allowing the other to possess the article instead of divesting the other of possession. Each possessor encourages the other by giving peer support and confidence that the pair, having an interest in defending the article from interlopers, can better defend it than could a single person. Given evidence which showed two persons jointly possessed an article, a rational jury could conclude beyond a reasonable doubt that each person solicited, encouraged, directed, aided, or attempted to aid the other's possession, especially when the State produced evidence which tended to show that multiple persons and vehicles were involved in the transport of the article or similar articles.

We thus find the evidence sufficient to sustain appellant's conviction as a party to possession of marihuana. We overrule appellant's first point of error.

By his second point of error, appellant complains that the trial court erred by refusing his request that the jury be instructed it could find him guilty only upon finding that he voluntarily possessed the marihuana. By his third and fourth points of error, appellant complains that the trial court erred by refusing his request to include an instruction concerning appellant's knowing possession in the application paragraph.

The trial court gave the following charge:

Our law provides that a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.

By the term "possession" is meant the actual care, custody, control or management of the marihuana.

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his

control of the thing for a sufficient time to permit him to terminate his control.

A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

You are instructed that a defendant may with another or others jointly possess a usable quantity of marihuana and such possession need not be exclusive. However, mere presence alone at a place where a usable quantity of marihuana is being used or possessed by others does not justify a finding of joint possession.

Each party to an offense may be charged with commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for an offense committed by another if, acting with intent to promote or assist the commission of the offense, he solicits or encourages, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to a crime.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 27th day of May, 1990 in the County of Hidalgo and State of Texas unknown persons did then and there intentionally or knowingly possess a usable quantity consisted of more than two hundred (200) pounds but less than two thousand (2,000) pounds of marihuana, and if you further believe from the evidence beyond a reasonable doubt that on said date in said County and State, the defen-

dant, ROBERTO CAVAZOS SEGURA, as a party as that term is hereinbefore defined, solicited, encouraged, directed, aided or attempted to aid the said unknown persons in the foregoing action, you will find the said ROBERTO CAVAZOS SEGURA guilty of possession of a usable quantity of marihuana in an amount of more than two hundred (200) pounds but less than two thousand (2,000) pounds, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether the defendant ROBERTO CAVAZOS SEGURA did solicit, encourage, direct, aid or attempt to aid the other unknown persons, then you will acquit the defendant and say by your verdict not guilty.

■ Appellant was charged only as a party. To find appellant guilty as a party, the jury must find that appellant solicited, encouraged, directed, aided, or attempted to aid others' possession of marihuana. TEX.PENAL CODE ANN. § 7.02(a)(2). The jury did not have to find that appellant possessed marihuana himself, voluntarily or otherwise. The jury was properly instructed that it must find that appellant solicited, encouraged, directed, aided, or attempted to aid others to commit the offense of knowingly possessing marihuana. The trial court did not err by refusing the requested instructions on voluntary possession. We overrule appellant's second and third points of error.

By his fourth point of error, appellant complains that the trial court erred by refusing his requested instruction regarding knowledge of the marihuana.

■ The court is required to submit affirmative defense issues raised by the evidence, unless the requested defensive issue merely negates an element of the offense. *Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App.1986). The trial court is not required to submit an issue that is not raised by the evidence. *Carrillo v. State*, 591 S.W.2d 876, 890 (Tex.Crim.App.1979).

■ Appellant testified at trial and admitted that he knew the Bronco contained marihuana. By requesting an issue concerning knowledge of the marihuana, appellant requested an issue not raised by the evidence. We overrule appellant's fourth point of error.

We AFFIRM the trial court's judgment.