Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed October 17, 2002.                                                 

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00760-CR  

____________

 

CORNELIUS GIPSON,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the
344th District Court

Chambers
 County, Texas

Trial Court Cause
No. 11,471




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            A jury convicted appellant Cornelius
Gipson for possession of cocaine weighing between four and two-hundred grams with
intent to deliver and assessed punishment at thirty years’ incarceration.  In four points of error, appellant argues the
evidence was legally and factually insufficient.  We affirm.

 

Statement of Facts

            Appellant was a passenger in a
pickup truck headed east on Interstate 10 when Trooper Pablo Chavez stopped the
truck for weaving across traffic lanes.  Before Chavez could approach the pickup, the
driver got out and stood between the patrol car and the pickup.  Chavez testified the driver acted very
nervous, hesitant, and fidgety.  When
Chavez spoke with appellant, he noted appellant did not make eye contact.  Both the driver and appellant told Chavez
they were returning from Port Arthur,
though they were actually traveling towards that town.  Each had a different reason for being in Port
 Arthur and gave inconsistent descriptions of their
relationship and appellant’s occupation. 


            The two men became increasingly more
nervous as Chavez’s questioning continued. 
Both gave verbal consent for him to search their persons and the pickup.  When Chavez did so, he noticed a small box on
the top of the back seat.  Chavez opened
the box and saw a plastic baggie containing what he suspected to be crack
cocaine.  He then instructed the driver
to get on the ground, but the driver ran off into the woods.  Chavez then directed his attention to appellant,
who took a couple of steps back and started to turn.  When Chavez told appellant to get on the
ground, appellant hesitated for a moment, and then followed Chavez’s
instruction.  The substance in the baggie
tested positive for cocaine.

Standards of Review

We apply different standards when reviewing evidence for
legal and factual sufficiency.  For legal
sufficiency, we view the evidence in the light most favorable to the verdict
and ask whether any rational factfinder could have found the essential elements
of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781 (1979); Cardenas v. State, 30 S.W. 3d 384, 389 (Tex.
Crim. App. 2000).  In a factual sufficiency review, the appellate
court considers all of the evidence without the prism of “in the light most
favorable to the prosecution” and reverses only if the conviction is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Westbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000); Johnson
v. State, 23 S.W. 3d 1, 10 (Tex. Crim. App. 2000).

Intentional or Knowing Possession

            In the first and second points of
error, appellant argues the evidence is legally and factually insufficient to
show intentional or knowing possession. 
To establish the offense of unlawful possession of a controlled
substance, the State must show the accused exercised care, control, or
management over the contraband, and that he knew what he possessed was
contraband.  Linton v. State, 15 S.W. 3d 615, 619 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref'd).  Control need
not be exclusive and may be exercised jointly. Cude v. State, 716 S.W. 2d
46, 47 (Tex. Crim. App. 1986).  If control is jointly exercised, the State
must show additional affirmative links between the accused and the contraband
that raise a reasonable inference of the accused’s knowledge and control of the
contraband.  Id.  

“[A]ffirmative links are
established by a totality of the circumstances.”  Hyett v. State, 58
S.W. 3d 826, 830 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d).  Texas courts have considered numerous
factors, though none is necessarily determinative:  the amount of contraband found, whether the
amount was large enough to indicate the defendant knew of its existence, the
proximity of the defendant to the contraband, whether the defendant had
convenient access to the contraband, conflicting statements given about
relevant matters by occupants of an automobile, and conduct of the accused
indicating a consciousness of guilt.  See e.g. Valencia v. State, 51 S.W.3d 423 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d) (finding that large bag
of easily accessible cocaine in hatchback of car and suspicious behavior
constituted some evidence of affirmative links);  Corpus
v. State, 30 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (finding that appellant’s furtive gestures supported
an inference of guilt);  Fields v. State, 932 S.W.2d 97, 104 (Tex.
App.—Tyler 1996, pet. ref’d) (finding affirmative
links when appellant and driver appeared nervous and failed to make eye
contact); Gilbert v. State, 874 S.W.
2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)
(finding that cocaine and razors discovered in plain view on seat of vehicle
within appellant’s reach were affirmative links); Cooper
v. State, 788 S.W.2d 612 (Tex. App.—Houston [1st Dist.] 1990, rev. ref'd) (finding affirmative links when officer observed clear
plastic bag in the seat passenger had just left).   When examining the affirmative links, it is
not the number of factors present, but the logical force they have in
establishing the offense.  Gilbert, 874 S.W. 2d at 298.  Because
knowledge is subjective, it must always be inferred absent an admission of guilt
by the accused.  Grant v. State, 989 S.W. 2d 428, 433 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).

            Here, Trooper Chavez found the
cocaine sitting in a small box on top of the middle of the backseat, well
within arm’s reach of the appellant.  A
chemist for the Texas Department of Public Safety testified the substance taken
by Chavez from the pickup truck was approximately five ounces of cocaine.  An officer trained in undercover operations
and narcotics testified that such an amount would be worth $9,000 to
$10,000.  

Once stopped, appellant and the driver told Chavez they had
come from Port Arthur when, in
fact, they were heading toward Port Arthur.  Appellant and the driver gave conflicting
testimony about what they did while in Port Arthur,
their relationship to each other, and appellant’s occupation.  Chavez testified that appellant seemed
nervous, would not make eye contact, and began to turn when Chavez prepared for
arrest.

For the foregoing reasons, we find the evidence legally and
factually sufficient to show affirmative links between appellant and the
contraband, such that he knowingly possessed the cocaine.  Appellant’s first and second points of error
are overruled.

With Intent to Deliver

In his third and fourth points of error, appellant asserts
the evidence was legally and factually insufficient to prove he intended to
deliver the cocaine.  Appellant’s main
argument is he was unaware of any intentions the driver had regarding the
cocaine.  Appellant contends the driver
may have intended to use the cocaine for personal consumption.

Participation in a criminal offense may be inferred from the
circumstances.  Beardsley v. State, 738 S.W. 2d 681, 684
(Tex. Crim. App. 1987).  The actions and words of the parties can show
an understanding and common design to do a certain act.  Segura v. State, 850 S.W. 2d
681, 684 (Tex. App.—Corpus Christi 1993, no pet.).  Intent to deliver may be proven by
circumstantial evidence, such as evidence surrounding possession and the quantity
of contraband found.  Reece v. State, 878 S.W.2d 320, 325-26 (Tex.
App.—Houston [1st Dist.] 1994, no
pet.) (finding that officer’s testimony that individually wrapped contraband
was consistent with selling rather than personal use was sufficient to show
appellant possessed cocaine with intent to deliver).

At trial, a narcotics officer testified that transportation
of such a large amount of cocaine would usually involve more than one person; the
owner would want someone else along for protection and to share the driving.  He also testified that dealers from other
states come to Houston to get narcotics
to take back, as the price increases further east.  Appellant is a Louisiana
resident, and Trooper Chavez stopped the pickup heading east on Interstate
10.  The narcotics officer further stated
that based on his experience, individuals with this much cocaine would not
possess it for personal consumption.  He
testified that the cocaine was packaged, in transport, and ready for delivery.

When the record supports conflicting inferences about whether
the contraband was possessed for personal use or delivery, we presume the fact-finder
resolved this conflict and defer to that resolution.  Reece,
878 S.W.2d at 325-26. 
Appellant’s contention that the driver may have intended to personally
consume the cocaine over a long period of time is without merit.  We find the evidence was both legally and
factually sufficient that appellant intended to deliver the cocaine.  Appellant’s third and fourth points of error
are overruled.

The judgment is affirmed.

 

                                                                        

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

 

Judgment
rendered and Opinion filed October 17,
 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish — Tex. R.
App. P. 47.3(b).