NO. 12-01-00172-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GREGORY JAMES GANT,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

OPINION


 Gregory James Gant ("Appellant") appeals his conviction for possession of marijuana, for
which he was sentenced to imprisonment for thirty years. Appellant raises four issues on appeal. 
We affirm.


Background

 On June 11, 2000, Appellant was driving eastward on Interstate 20 with two passengers in
the car. Texas Department of Public Safety Trooper Wayne Hellen ("Hellen"), while stopped on the
interstate that night, (1) observed Appellant's car as it passed, but was unable to see if Appellant had
properly displayed a license plate. Hellen pursued Appellant and noticed that Appellant was driving
very erratically, weaving and almost hitting a car in the next lane, then driving past the painted
shoulder line onto the shoulder of the road before returning the car to a more normal lane position. 
Hellen turned on his rotating lights and continued to pursue Appellant. When Appellant failed to
pull his car over, Hellen activated his siren and Appellant pulled over and stopped his car. Hellen
testified that while pursuing Appellant, he noticed what appeared to be a temporary tag in
Appellant's car's rear window, but could not observe the tag in any detail because it was not
illuminated.

 Once stopped, Appellant immediately exited his vehicle and quickly met Hellen on the side
of the highway at the rear of the vehicle. Hellen testified that at the time Appellant approached him,
he had not yet been able to determine if the license tag was in compliance. Hellen testified that as
Appellant approached him, he smelled marijuana on Appellant's clothing. Hellen then spoke to the
passenger, a man identified by Appellant as Rambo.

 Hellen testified that as he spoke to Rambo, he observed that Rambo was trying to hide
something under his feet, in front of his seat on the floorboard. Hellen further testified that while
he was talking to Rambo he was able to smell the strong odor of marijuana in the car. Hellen then
asked Rambo to exit the car and reached for the door to open it. As the door opened, Rambo
forcefully knocked Hellen aside and fled the scene. As Rambo fled, Hellen struggled with him,
causing Rambo to leave two items behind - a shoe and a bag containing eight pounds of marijuana. 
Hellen held the bag of marijuana close to Appellant and asked if he knew what it was. Appellant
answered that he did not know what the substance was.

 Appellant was charged with possession of between five and fifty pounds of marijuana and 
pleaded "not guilty." Appellant subsequently filed a motion to suppress arguing that the marijuana
was seized as a result of an unconstitutional detention. The trial court overruled Appellant's motion
to suppress and the matter proceeded to trial. 

 Following the close of evidence, the parties made their jury arguments. During the State's
initial closing argument, the prosecuting attorney argued that considering the amount of marijuana
in the car and considering the fact that Appellant's clothes smelled of marijuana, Appellant truly
knew what the substance was. During Appellant's jury argument, Appellant's counsel attempted to
generally discuss the topic of a person's familiarity with the smell of marijuana. The State objected
arguing that the trial court had not permitted the State to introduce such evidence. The trial court
instructed the jury to disregard the statement. Appellant's counsel subsequently discussed the video
evidence of Appellant's traffic stop noting that when Hellen asked Appellant if he knew what the
substance was, Appellant said he did not know. The State again objected on the same grounds it had
raised previously. However, the trial court overruled the State's objection. Subsequently, the State
made its rebuttal to Appellant's jury argument. In rebuttal, the prosecuting attorney, directing the
jury's attention to the video evidence, stated as follows:


 You know what you saw. You know the demeanor of the defendant. We don't expect you to believe
what he said. Do you really think when the officer took him the bag of marijuana and said, "Hey, do
you know what this is," and he goes, "No," that he didn't really know what marijuana was; that he
never seen it before; never smelled it? You got to watch his demeanor; you got to watch the way he
. . . .



Appellant objected that such argument was not supported by the evidence. The trial court overruled
Appellant's objection and instructed the jury that while inferences are permitted in argument, if such
inferences disagree with what they recalled the evidence to be, then they should disregard them.
Ultimately, the jury found Appellant guilty as charged and the trial court, finding enhancements
based on prior felony convictions to be true, sentenced Appellant to imprisonment for thirty years.


Evidentiary Sufficiency

 In his first issue, Appellant contends that the evidence is both legally and factually
insufficient to support the jury's verdict. Legal sufficiency is the constitutional minimum required
by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. See
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see
also Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for
reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence
is examined in the light most favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct.
at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.
Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

 In considering factual sufficiency, we must first assume that the evidence is legally sufficient
under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We
then consider all of the evidence in the record related to Appellant's sufficiency challenge, not just
the evidence which supports the verdict. We review the evidence weighed by the jury which tends
to prove the existence of the elemental fact in dispute and compare it to the evidence which tends
to disprove that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are
authorized to disagree with the jury's determination, even if probative evidence exists which
supports the verdict. Clewis, 922 S.W.2d at 133. However, factual sufficiency review must be
appropriately deferential so as to avoid the appellate court's substituting its own judgment for that
of the fact finder. Our evaluation should not substantially intrude upon the jury's role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive.
See VanZandt v. State, 932 S.W.2d 88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We will set aside a
verdict "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust." Ortiz v. State, No. 73692, 2002 WL 31116634, at * 5 (Tex. Crim. App. Sept.
25, 2002). 

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that "accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of
liability, and adequately describes the particular offense for which the defendant is tried. Id. 

 A person commits the offense of possession of marijuana if he knowingly or intentionally
possesses a usable quantity of marijuana. See Tex. Health & Safety Code Ann. § 481.121(a)
(Vernon Supp. 2003). To prove unlawful possession of a controlled substance, the State must show
that the defendant (1) exercised care, control, and management over the controlled substance and (2)
knew that it was a controlled substance. See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995); Humason v. State, 728 S.W.2d 363, 364 (Tex. Crim. App. 1987), overruled on other
grounds, Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991), overruled on other grounds,
Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Proof of the appellant's mere
presence in the vicinity of a controlled substance is not enough. See Humason, 728 S.W.2d at 365. 
Rather, the State must prove an affirmative link between the defendant and the drug. See
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). Possession need not be
exclusive, however, and a showing of joint possession with another is sufficient. See Siroky v. State,
653 S.W.2d 476, 479 (Tex. App.-Tyler 1983, pet. ref'd). Whether the possession of the accused is
sole or joint, an affirmative link must be established between the accused and the controlled
substance by proof of other independent facts and circumstances, and such affirmative link may be
established by circumstantial evidence. Id.

 Circumstances that may link a defendant to the controlled substance include: (1) the
defendant was present when the search was executed; (2) the contraband was in plain view; (3) the
contraband was in close proximity to or accessible by the defendant; (4) the defendant was under the
influence of contraband; (5) the defendant was in possession of other contraband when he was
arrested; (6) the defendant made incriminating statements when he was arrested; (7) the defendant
attempted to flee; (8) the defendant made furtive gestures; (9) there was an odor of the contraband
present at the scene; (10) other contraband or drug paraphernalia were present which were not
included in the charge; (11) the defendant owned or had a right to possess the place where the
controlled substance was found; (12) the contraband was found in an enclosed place; (13) there was
a significant amount of contraband; and (14) the defendant possessed weapons or large amounts of
cash. See De La Garza v. State, 898 S.W.2d 376, 379 (Tex. App.-San Antonio 1995, no pet.);
Hernandez v. State, 867 S.W.2d 900, 904 (Tex. App.-Texarkana 1993, no pet.); Castillo v. State,
867 S.W.2d 817, 820 (Tex. App.-Dallas 1993), vacated and remanded on other grounds, 913
S.W.2d 529 (Tex. Crim. App.1995). The number of affirmative links present is not as important as
the degree to which they tend to link the defendant to the controlled substance. Williams v. State,
906 S.W.2d 58, 65 (Tex. App.-Tyler 1995, pet. ref'd).

 Appellant argues that there is a lack of direct evidence that he possessed any contraband. 
However, the evidence showed that (1) Appellant owned the vehicle and was present when it was
searched, (2) the eight pounds of marijuana was in close proximity to Appellant, (2) (3) there was an
odor of the contraband both on Appellant's clothes and in the car, (4) the size of the bag containing
the eight pounds of marijuana was large, (3) (5) Hellen followed Appellant for nearly a mile with his
flashing lights activated before Appellant pulled to the side of the road, (6) Appellant was weaving
while Hellen was pursuing him, and (7) Appellant quickly exited the vehicle upon being stopped
rather than waiting for Hellen to approach the vehicle. (4) We conclude that the quality of these factors
is sufficient to link Appellant to the contraband in question.

 Furthermore, there is some circumstantial evidence to allow the jury to reasonably conclude
that Appellant knew the eight pounds of marijuana was contraband. As set forth above, Hellen
testified and the video evidence reflected that Appellant failed to pull over promptly once Hellen
activated his emergency lights. Hellen testified that he pursued Appellant for nearly a mile before
Appellant finally pulled to the side of the road. Moreover, as Hellen pursued Appellant, Appellant's
car swerved over the lane-dividing line. Hellen testified that this could have resulted from
Appellant's watching him in his rear-view mirror. Finally, the video testimony reflects that
Appellant quickly exited the vehicle once he had pulled over. The jury could reasonably infer that
Appellant was attempting to prevent Hellen from drawing nearer to the vehicle, thus preventing him
from smelling the odor emitted from the eight pounds of marijuana that Rambo possessed in the
front seat.

 Turning to the question of factual sufficiency, Appellant contends that other factors which
could potentially establish affirmative links between Appellant and the eight pounds of marijuana
in question fail to do so. Appellant notes that (1) Hellen testified that Appellant was not
unnecessarily excited, (2) there is no evidence that Appellant appeared to be under the influence of
or in possession of narcotics at the time of the arrest, (3) he was not the only person present when
the contraband was discovered, (4) the evidence supports that the contraband was in the passenger
compartment and there is no evidence to support that the contraband was in plain view of Appellant,
(5) Appellant made no incriminating statements at the time of his arrest, (6) Appellant never
attempted flight, and (7) the eight pounds of marijuana in question was found inside a bag. 
Moreover, Appellant argues that there is no evidence that Appellant was familiar with the smell of
marijuana and notes that when questioned in the video by Hellen as to whether he knew what the
contraband was, Appellant answered that he did not.

 We iterate (1) that the number of affirmative links present is not as important as the degree
to which they tend to link the defendant to the controlled substance, Williams v. State, 906 S.W.2d
at 65, (2) that our evaluation should not substantially intrude upon the jury's role as the sole judge
of the weight and credibility of witness testimony, Santellan, 939 S.W.2d at 164, and (3) that, where
there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. 
See VanZandt v. State, 932 S.W.2d at 96. Neither the specific evidence chronicled by Appellant nor
our review of the record in its entirety reveals any evidence causing us to conclude that the evidence
supporting guilt is obviously weak, or the contrary evidence so overwhelmingly outweighs the
supporting evidence so as to render the conviction clearly wrong and manifestly unjust." Further
still, in judging the credibility of Appellant's statement in the video that he did not know what the
eight pounds of contraband was, the jury was entitled to find that Appellant's statement was not
credible in light of the other evidence that tended to support that Appellant was aware that the
substance was contraband. See Thompson v. State, 54 S.W.3d 88, 97 (Tex. App.-Tyler 2001, no
pet.). Therefore, we hold that the evidence was both legally and factually sufficient to support the
jury's verdict. Appellant's first issue is overruled.


Charge Instruction on the Law of Parties

 In his second issue, Appellant contends that the court's charge instruction to the jury
regarding the law of parties was erroneous because it was unsupported by the evidence. Courts may
charge the jury on the law of parties, even in the absence of an allegation in the indictment charging
the accused as a party, so long as such an instruction is supported by the evidence. See Means v.
State, 668 S.W.2d 366, 372 (Tex. Crim. App. 1983); see also Westerman v. State, 161 S.W.2d 95,
104 (Tex. Crim. App. 1942). A person is criminally responsible as a party to an offense if the
offense is committed by the conduct of another for which he is "criminally responsible." See Tex.
Pen. Code Ann. § 7.01(a) (Vernon Supp. 2003). A person is "criminally responsible" for an offense
committed by the conduct of another if, acting with intent to promote or assist the commission of
the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the
offense. See Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon Supp. 2003). The State must show that the
defendant knew he was assisting the commission of the offense. See Amaya v. State, 733 S.W.2d
168, 174 (Tex. Crim. App. 1986). Participation in a criminal offense may be inferred from the
circumstances. See Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). While an
agreement of the parties to act together in common design can seldom be proven by direct evidence,
the State can rely on the actions and words of the parties showing, by either direct or circumstantial
evidence, an understanding and common design to do a certain act. See Mayfield v. State, 716
S.W.2d 509, 514 (Tex. Crim. App. 1986), overruled on other grounds, Solomon v. State, 49 S.W.3d
356, 368 (Tex. Crim. App. 2001). 

 As set forth above, there was sufficient evidence to prove that Appellant knowingly
possessed the marijuana in question. Although Appellant argues that Rambo had actual possession
of the contraband when it was recovered by Hellen, we note that the law allows for joint possession
with another. See Siroky, 653 S.W.2d at 479. A person possesses a substance when he exercises
"care, custody, control, or management" over the substance. Tex. Pen. Code Ann. § 1.07(a)(39)
(Vernon 1994). A person who possesses an article may exercise custodial and managerial powers
to ensure exclusivity of possession, to allow others access only, or to allow others to exercise care,
custody, control, or management over the article. Segura v. State, 850 S.W.2d 681, 685 (Tex.
App.-Corpus Christi 1993, no pet.). A rational jury can conclude beyond a reasonable doubt that
two persons who have joint care, custody, control, or management over the same article are aiding
each other's care, custody, control, or management of the article. Id. at 685-86. Each person in joint
possession aids the other's possession by allowing the other to possess the article instead of divesting
the other of possession. Id. at 686. Each possessor encourages the other by giving peer support and
confidence that the pair, having an interest in defending the article from interlopers, can better defend
it than could a single person. Id. Given evidence which showed two persons jointly possessed an
article, a rational jury could likewise conclude beyond a reasonable doubt that each person solicited,
encouraged, directed, aided, or attempted to aid the other's possession. Id. As such, there was
evidence that Appellant was liable as a party to the offense. Therefore, the trial court committed no
error in permitting a jury instruction on the law of parties. Appellant's second issue is overruled.


Legality of Search and Seizure

 In his third issue, Appellant argues that the trial court improperly overruled his motion to
suppress because the search of his vehicle violated his protections under the Fourth Amendment to
the United States Constitution. We review a trial court's ruling on a motion to suppress for abuse
of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State,
965 S.W.2d 32, 33 (Tex. App.-Houston [1st Dist.] 1998, no pet.). A trial court does not abuse its
discretion when its decision is at least within the zone of reasonable disagreement. See Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). 

 In reviewing the trial court's ruling, we apply a bifurcated standard of review. See
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Hernandez v. State, 957 S.W.2d
851, 852 (Tex. Crim. App. 1998). We give almost total deference to the trial court's determination
of historical facts, while conducting a de novo review of the trial court's application of the law to
those facts. See Carmouche, 10 S.W.3d at 327. The trial court is the exclusive finder of fact in a
motion to suppress hearing, and as such, it may choose to believe or disbelieve any or all of any
witness's testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 Once a police officer makes a bona fide stop or arrest for a traffic offense, he can make an
additional arrest for any other offense unexpectedly discovered while investigating or questioning
the motorist. See Attwood v. State, 509 S.W.2d 342, 344 (Tex. Crim. App. 1974). If, during routine
questioning related to the traffic offense, the officer acquires probable cause on a more serious
charge, he may arrest for that offense and conduct a valid search for evidence incident to that arrest.
Id.; see also Valencia v. State, 820 S.W.2d 397, 399 (Tex. App.-Houston [14th Dist.] 1991, pet.
ref'd). In addition, when an officer possesses probable cause to believe that a vehicle contains
contraband, a valid search may be conducted in the part of the vehicle where the officer believes the
contraband is concealed. See Chambers v. Maroney, 399 U.S. 42, 48, 90 S. Ct. 1975, 1979-80, 26
L. Ed. 2d 419, 426-27 (1970). Analysis of probable cause is based on a "totality of the
circumstances" test. See Whaley v. State, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985). In order
to temporarily detain an individual for investigation, an officer need only articulate specific facts
which, taken together with rational inferences from those facts, give rise to a reasonable suspicion
of criminally related activity. See Townsend v. State, 813 S.W.2d 181, 185 (Tex. App.-Houston
[14th Dist.] 1991, pet. ref'd). The odor of marijuana alone provides not only reasonable suspicion
of criminal activity to justify a continued detention until a canine sweep can be performed, see
Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.-Fort Worth 1998, pet. ref'd), but also provides
sufficient probable cause for an officer to believe marijuana is concealed in the vehicle. See
Hernandez v. State, 867 S.W.2d 900, 907 (Tex. App.-Texarkana 1993, no pet.).

 In the instant case, Hellen testified that he stopped Appellant because he could not see
whether Appellant had properly displayed his license plate (5) and because Appellant's vehicle was
weaving (6) as Hellen pursued him. Appellant argues that once Hellen determined that his license tag
was displayed in the window, the reason for the stop was satisfied and further detention of Appellant
was not warranted. However, Appellant fails to address Hellen's testimony that (1) when Appellant
approached him, Hellen had not yet been able to determine if the license tag was in compliance, and
(2) as Appellant approached, Hellen smelled marijuana on Appellant's clothing. Hellen further
testified that during his initial questioning of Rambo, he smelled the odor of marijuana emanating
from within the vehicle. 

 In sum, the purpose of the stop was justified. When Hellen smelled the odor of marijuana
on Appellant's clothes as Appellant approached him, he was justified in detaining Appellant further. 
During this continued detention, Rambo, following a struggle with Hellen, fled the scene. During
the struggle to prevent Rambo's flight, Hellen recovered a bag containing eight pounds of marijuana
from Rambo and Appellant was placed under arrest. We conclude that Appellant's detention did not
violate Appellant's constitutional rights and hold that the trial court did not abuse its discretion in
overruling Appellant's motion to suppress. Appellant's third issue is overruled.


Jury Argument

 In his fourth issue, Appellant argues that the trial court improperly overruled his objection
to the prosecuting attorney's statement during jury argument that Appellant was familiar with the
smell of marijuana. When reviewing alleged error in a jury argument, we must analyze the statement
in light of the entire argument and not on isolated instances. See Drew v. State, 743 S.W.2d 207,
220 (Tex. Crim. App. 1987). Proper jury argument must fall within at least one of the following four
areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement. See Davis v. State, 964 S.W.2d 14,
17 (Tex. App.-Tyler 1997, no pet.). In order to constitute reversible error, the argument must be
extreme or manifestly improper, violative of a mandatory statute, or inject new facts harmful to the
accused into the trial proceedings. See McKay v. State, 707 S.W.2d 23, 38 (Tex. Crim. App. 1985). 
Counsel is to be given wide latitude in drawing inferences from the record, as long as the inferences
are reasonable and offered in good faith. See Coble v. State, 871 S.W.2d 192, 205 (Tex. Crim. App.
1993).

 Appellant argues that there was no evidence that Appellant was familiar with the smell of
marijuana, and thus, the State's argument concerning the same was improper. We disagree. In the
video of Appellant's traffic stop, following Rambo's escape, Appellant was placed under arrest,
handcuffed, and laid out on the ground by another officer. Hellen subsequently approached
Appellant, held the bag containing eight pounds of marijuana very close to Appellant and asked
Appellant if he knew what it was. Appellant responded that he did not know what the substance
was.

 As set forth above, the jury was entitled to find that Appellant's statement that he did not
know what the substance was to be not credible, i.e., Appellant knew the substance was marijuana. 
At trial, Hellen testified regarding methods of determining if marijuana is present. Hellen stated that
marijuana has a "distinctive odor" and that "you know what it is once you've smelled it several
times." Given Hellen's testimony concerning the distinctive odor of marijuana and considering the
small distance the bag containing eight pounds of marijuana was held from Appellant, the jury could
have reasonably inferred that in order to make the determination that he did not know what the
substance was, Appellant either must have looked at the marijuana, smelled it, or both. Since there
was evidence that marijuana can be identified by its smell, it follows that if the jury concluded that
Appellant knew the substance was marijuana, then it was likewise entitled to conclude that Appellant
knew what marijuana smelled like. Thus, we conclude that the prosecutor's suggestion that
Appellant really was familiar with the smell of marijuana was a reasonable deduction from the
evidence and hold that the trial court did not err in overruling Appellant's objection thereto. 
Appellant's fourth issue is overruled.

 Accordingly, we affirm the judgment of the trial court.


 SAM GRIFFITH 

 Justice



Opinion delivered February 5, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.























(PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



FEBRUARY 5, 2003



NO. 12-01-00172-CR



GREGORY JAMES GANT,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 7th Judicial District Court


 of Smith County, Texas. (Tr.Ct.No. 007-1059-00)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 Sam Griffith, Justice.

 Panel consisted of Worthen, C.J., and Griffith, J.


THE STATE OF TEXAS


M A N D A T E


*********************************************




TO THE 7TH DISTRICT COURT of SMITH COUNTY, GREETING: 


 Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 5th day
of February, 2003, the cause upon appeal to revise or reverse your judgment between


GREGORY JAMES GANT, Appellant



NO. 12-01-00172-CR; Trial Court No. 007-1059-00



Opinion by Sam Griffith, Justice.





THE STATE OF TEXAS, Appellee



was determined; and therein our said Court made its order in these words:


 "THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this court that there was no error in the judgment.


 It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
be in all things affirmed, and that this decision be certified to the court below for observance."

 

 WHEREAS, WE COMMAND YOU to observe the order of our said Court of Appeals for
the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly
recognized, obeyed, and executed.


 WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of our Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200____.


 CATHY S. LUSK, CLERK



 By:_______________________________

 Deputy Clerk
1. Hellen had just finished with an unrelated traffic stop.
2. Appellant concedes in his brief that the evidence is overwhelming that he was driving the automobile in
which the contraband was stored and that Rambo was in actual possession of the contraband. The evidence is further
uncontroverted that Rambo was sitting in the front passenger seat of the car at the time of the stop.
3. It follows that such a large bag would have been difficult for Rambo to conceal from Appellant while the
two were sitting next to one another in the front seat of Appellant's car.
4. From such evidence, a jury could reasonably infer that Appellant was attempting to prevent Hellen from
either looking inside his vehicle or smelling the odor of the eight pounds of marijuana within the vehicle.
5. Tex. Transp. Code Ann. § 502.404 (Vernon 1999).
6. See Held v. State, 948 S.W.2d 45, 51 (Tex. App.-Houston [14th Dist.] 1997, pet. ref'd) (officer's
observation of a driver weaving is sufficient to give rise to a reasonable suspicion that the driver may be intoxicated).