Ryland Jereall **WOODS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–97–00974–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 10, 1999.

**634**

Karen Clark Harpold, Houston, TX, for appellant.

John B. Holmes, District Attorney of Harris County, Rikke Burke Graber, Assistant District Attorney, Houston, TX, for state.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

NUCHIA, J.

Appellant was convicted by a jury of possession of cocaine weighing at least 400 grams with intent to deliver and sentenced by the jury to 30 years confinement in prison and a $1.00 fine. We affirm.

## BACKGROUND

Eric Chan, owner of a vehicle repossession business, is a paid informant for the Houston Police Department. Chan employed appellant to assist him in his repossession business. On at least one occasion, Chan had indicated to appellant that he would be interested in drug deals.

Appellant called Chan on December 9, 1996 and asked him if he knew anyone who would purchase five kilograms of cocaine. Appellant called Chan again on the morning of December 10, 1996 with the same request. Chan then called Officer Stephen Robinson about the request, and Robinson and Chan agreed to pursue the deal. Appellant and Chan agreed to meet at 7203 Bellerive, apartment 249. Chan notified Robinson, who set up a surveillance by members of the narcotics squad. Chan met appellant at apartment 249 and was introduced to Shaun McNeal and Andre Campbell. The person who was supposed to have the cocaine did not show up, and Chan eventually left.

Appellant called Chan later in the afternoon, and Chan returned to apartment

249, where appellant, Campbell, and McNeal were waiting. Appellant introduced Chan to "Rich" Williams. They agreed to do the deal and the four men took Chan to apartment 262. There were 10 to 15 young men in the apartment. Chan, appellant, Williams, and a Hispanic man went to the kitchen where Chan saw a duffel bag with what appeared to be five kilograms of cocaine in it. Chan cut into a couple of the bags to be sure they contained cocaine. He then said he wanted to return to the first apartment to close the deal because there were too many people around. They all returned to apartment 249, but left the cocaine in apartment 262. After some negotiation, they agreed to close the deal in the parking lot. Williams got the bag with the cocaine, and he, Chan, McNeal, appellant, and others proceeded to the parking lot. When they got to the parking lot, Williams put the bag in Chan's car on Chan's instruction. Chan gave a signal to Officer Robinson, the police moved in, and the group scattered.

Appellant, Andre Campbell, and Shaun McNeal were arrested and charged with possession with intent to deliver cocaine weighing at least 400 grams. Williams was killed when he tried to pull a gun on one of the police officers.

The three defendants were tried together. Appellant and Shaun McNeal were found guilty as charged, and Andre Campbell was acquitted by the jury. Appellant was sentenced to 30 years in prison and a $1.00 fine. McNeal was sentenced to 20 years in prison and a $1.00 fine.

## DISCUSSION

### Ineffective Assistance of Counsel

In his first point of error, appellant contends that his attorney's failure to file a motion to sever his case from his co-defendants' cases amounted to ineffective assis-tance of counsel because the defense presented by co-defendant Shaun McNeal was antagonistic to appellant's defense.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986). Appellant must show (1) that counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment, and (2) that but for the counsel's error, the result of the proceedings would have been different. *Strickland,* 466 U.S. at 687, 694, 104 S.Ct. at 2064, 2068. In discharging his burden of proof, appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*

A request for severance, when it is not required as a matter of law, is a purely tactical decision to be made by trial counsel. In *Haggerty v. State,* we addressed a claim of ineffective assistance of counsel similar to the one in this case, saying that an appellant is in a position to argue that his counsel was ineffective in failing to file a motion to sever where the trial court would have abused its discretion in refusing to grant such a motion. We then proceeded to analyze whether the severance would have been mandatory if requested. *Haggerty v. State,* 825 S.W.2d 545, 547 (Tex.App.—Houston [1st Dist.] 1992, no pet.). We did not consider *Strickland's* holding that in order to establish ineffective assistance of counsel the appellant must overcome the presumption that the challenged action might be considered a sound trial strategy.

Even when a severance is mandatory upon the request of counsel,[1] counsel may have strategic reasons for not requesting severance. For example, the evidence

---

1. There are only two grounds for mandatory severance: (1) when one defendant has an admissible prior conviction and the person seeking the severance does not, and (2) when a joint trial would be prejudicial to one of the defendants. Tex.Code Crim.P.Ann. art. 36.09 (Vernon 1981).

may be such that it is advantageous to be tried along with a co-defendant with a criminal record because the contrast in culpability or involvement between the two defendants favors a strategy of allowing the jury to focus on the co-defendant, rather than the alternative of being tried alone. Thus, even though appellant may argue ineffective assistance under these circumstances, that alone does not overcome the presumption that counsel's failure to request a severance was sound trial strategy.

■ In this case, there was no hearing on a motion for new trial; therefore, the record is silent as to trial counsel's reasons for not asking for a severance. We will not speculate regarding the manner in which trial counsel conducted appellant's defense. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.). Appellant has not rebutted the presumption that his failure to request a severance was a decision made in the exercise of reasonable professional judgment.

We overrule appellant's first point of error.

### Sufficiency of the Evidence

■ In points of error two and three, appellant contends that the evidence was legally and factually insufficient to support appellant's conviction.

The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

■ The trial court charged the jury with the law of parties. To establish unlawful possession of a controlled substance, the State must prove that the defendant exercised care, control, or management over the contraband, and that he knew that what he possessed was contraband. *Humason v. State*, 728 S.W.2d 363, 364 (Tex.Crim.App.1987); *Hurtado v. State*,

881 S.W.2d 738, 743 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). To prove that a defendant is criminally responsible as a party, the State must prove that he acted with the intent to promote or assist the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in the commission of the offense. Tex.Pen.Code Ann. § 7.02(a)(2) (Vernon 1994). To prove that appellant is guilty of possession, as a party, the evidence must first show that another person possessed the contraband. *See Segura v. State*, 850 S.W.2d 681, 685 (Tex.App.—Corpus Christi 1993). Then the State must show that, with the intent that the offense be committed, appellant solicited, encouraged, directed, aided, or attempted to aid the other's possession. *Id.*

The evidence is uncontested that Williams possessed the cocaine, as he is the one who brought the cocaine first to McNeal's apartment, then to the parking lot to sell to Chan. The evidence is legally sufficient to show that appellant intentionally solicited, encouraged, and aided Williams's possession of the cocaine.

In reviewing the factual sufficiency of the evidence, we view the evidence without the prism of "in the light most favorable to the verdict." *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996). We may not substitute our judgment for that of the jury, and may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

The State produced evidence to show that appellant initiated a drug transaction between Chan and Williams, and that appellant was involved during the entire course of the transaction in determining that possession of the cocaine was successfully transferred from Williams to Chan. At trial, Chan testified that Williams and appellant were the ones most in control of the cocaine.

Appellant testified that he was at the apartment complex in connection with his work for Chan and that he went to apartment 249 to get a haircut. He also testified that, when Chan said he wanted to get high, he told Chan to talk to McNeal. He said he did not know why Chan and Williams were meeting.

Appellant's testimony was in conflict with the testimony of Chan and Officer Reeves. The jury, as the trier of fact, was entitled to believe the State's witnesses and to disbelieve appellant.

The evidence is factually sufficient to support the verdict of the jury. We overrule appellant's second and third points of error.

We affirm the judgment.