# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00303-CR

**Tom Elton Robertson II., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-05-0524-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Tom Elton Robertson II of sexual assault of a child and assessed punishment at twenty years in prison. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2006). On appeal, appellant contends that he was denied effective assistance of counsel. We affirm.

Appellant, appellant's father, Tom Elton Robertson Sr., and appellant's brother, Sam Robertson, were separately indicted for sexual assault of the same child, J.J. According to J.J., she had been sexually assaulted by all three men at various and separate times beginning when she was fourteen years old. These alleged sexual assaults occurred while J.J.'s mother was dating Robertson Sr. When she was fifteen years old, J.J. became pregnant. DNA analysis showed that appellant is the father of J.J.'s baby.

Before bringing appellant to trial, the State moved to join Robertson Sr. and Sam Robertson as codefendants in appellant's case. The motion for joinder alleged that "the indictments

charge the same offenses and occur as part of the same criminal episode in that they are perpetrated against the same victim over the same period of time (albeit not at the same time) . . . the witnesses will be the same in each case and the evidence offered by the State will be the same in each case." On November 9, 2005, the trial court held a pretrial hearing on the State's motion for joinder. At the hearing, the three attorneys representing the three defendants argued that they needed more time to discuss the possibility of a joint trial with each other and with their clients. The following exchange occurred between the trial judge and appellant's attorney, Galen Moeller:

| | |
|---|---|
| The Court: | Bottom-line, are you objecting to the joint trial, or do you know yet? |
| Mr. Moeller: | I really don't know yet. I met with my client yesterday evening for about an hour going over many of the things. I discussed it with Kirk [the attorney for Robertson Sr.]. I can see advantages and disadvantages. We are weighing those, Your Honor. I am really not able to state to the Court with any degree of certainty that this is what I would like to do. |

At the end of the hearing, the judge overruled the State's motion for joinder, stating, "[m]y inclination is not to join [the cases] at this time. . . . the only way I am going to agree to join them is if everybody agrees to join."

At some point after the pretrial hearing, Moeller and Kirk Hawkins, attorney for Robertson Sr., agreed to a joint trial.[1] Sam Robertson was not joined as a codefendant. During the

---

[1] At trial, the judge confirmed with the codefendants' attorneys that the joinder of the case against appellant with the case against Robertson Sr. was by agreement:

| | |
|---|---|
| The Court: | And just for purposes of the record, you-all have consented to having these cases tried together; is that correct, Mr. Hawkins? |

joint trial, the State presented eleven witnesses, including J.J., and numerous exhibits, including photographs, recorded phone calls, and blood samples. Neither appellant nor Robertson Sr. testified. After the close of the evidence, the jury returned a guilty verdict for both defendants and sentenced them both to twenty years in prison.

Appellant asserts that he was denied effective assistance of counsel at the pretrial hearing on the State's motion for joinder, during the guilt-innocence phase of the trial, and in the punishment phase of the trial based on "counsel's failure to object to joinder and request a separate trial" during each of these phases of the proceedings. The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 687. Appellant's claim that his counsel's assistance was so defective as to require reversal of his conviction requires a showing that (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) this deficient performance prejudiced the defense by more likely than not altering the outcome of the case. *Id.* at 687-94; *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the standard set forth in *Strickland* for ineffective assistance claims under the Texas Constitution). The standard set forth in *Strickland* applies to claims of ineffective assistance of counsel at each phase of trial. *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim.App. 1999).

---

| Mr. Hawkins: | Yes, Your Honor. |
| The Court: | Mr. Moeller? |
| Mr. Moeller: | That is correct. |

An allegation of ineffective assistance of counsel must be firmly founded in the record with the record affirmatively demonstrating the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In a direct appeal, a reviewing court is rarely provided with a record capable of providing a fair evaluation of the merits of such an allegation of ineffective assistance as the record often does not adequately reflect the failings of trial counsel. *Id.* at 813-14. Consequently, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Appellant argues that his counsel rendered ineffective assistance by not seeking a severance of his case from the case against his father, Robertson Sr. A request for severance, when it is not required as a matter of law, is a purely tactical decision to be made by trial counsel and his client. *Woods v. State*, 998 S.W.2d 633, 635 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Even when a severance is mandatory upon the request of counsel,[2] counsel may have strategic reasons for not requesting severance. *Id.* For example, the evidence may be such that it is advantageous to be tried along with a codefendant because the contrast in culpability or involvement between the two defendants favors a strategy of allowing the jury to focus on the codefendant, rather than the alternative of being tried alone. *Id.* at 635-36. Thus, even though appellant may argue ineffective assistance under these circumstances, that alone does not overcome the presumption that counsel's failure to request a severance was sound trial strategy. *Id.* at 636.

---

[2] There are two grounds for mandatory severance upon timely request of counsel: (1) when there is a previous admissible conviction against one defendant, and (2) when a joint trial could be prejudicial to any defendant. *See* Tex. Code Crim. Proc. Ann. art. 36.09 (West 2006); *see also Qualley v. State*, 206 S.W.3d 624, 636 (Tex. Crim. App. 2006).

4

The record in this case, including appellant's motion for new trial and the record of the hearing on appellant's motion for new trial, is silent as to the reasons appellant's counsel agreed to the joint trial instead of requesting a severance. Under these circumstances, we will not speculate regarding the manner in which trial counsel conducted appellant's defense. *Gamble v. State*, 998 S.W.2d 633, 635-37 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Appellant has not rebutted the presumption that his counsel's failure to request a severance was a decision made in the exercise of reasonable professional judgment. *See Woods*, 998 S.W.2d at 636.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:  July 12, 2007

Do Not Publish