NUMBER 13-06-00315-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


TOMMY ELTON ROBERTSON, SR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 51st District Court of Tom Green County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 A jury convicted appellant, Tommy Elton Robertson, Sr., of sexual assault of a child
and assessed punishment at twenty years' imprisonment. See Tex. Penal Code Ann. §
22.011(a)(2) (Vernon Supp. 2006). On appeal, appellant contends that he was denied
effective assistance of counsel. We affirm. 

I. Background

 Appellant and his two sons, Tom Elton Robertson II and Sam Robertson, were
separately indicted for sexual assault of the same child, J.J. According to J.J., she had
been sexually assaulted by all three men at various and separate times beginning when
she was fourteen years old. These alleged sexual assaults occurred while J.J.'s mother
was dating appellant. When she was fifteen years old, J.J. became pregnant. DNA
analysis showed that Tom Elton Robertson II is the father of J.J.'s baby. 

 Before bringing appellant to trial, the State moved to join Tom Elton Robertson II
and Sam Robertson as codefendants in appellant's case. The motion for joinder alleged
that "the indictments charge the same offenses and occur as part of the same criminal
episode in that they are perpetrated against the same victim over the same period of time
(albeit not at the same time) . . . the witnesses will be the same in each case and the
evidence offered by the State will be the same in each case." 

 On November 9, 2005, the trial court held a pretrial hearing on the State's motion
for joinder. At the hearing, the three attorneys representing the three defendants argued
that they needed more time to discuss the possibility of a joint trial with each other and with
their clients. Moreover, appellant's attorney, Kirk Hawkins, hinted to the trial court that if
the State agreed not to use a prior felony conviction as impeachment evidence against his
client, he would agree to a joint trial. At the end of the hearing, the judge overruled the
State's motion for joinder, stating, "[m]y inclination is not to join [the cases] at this time . .
. the only way I am going to join them is if everybody agrees to join." 

 At some point after the pretrial hearing, Hawkins and Galen Moeller, attorney for
Tom Elton Robertson II, agreed to a joint trial. (1) Sam Robertson was not joined as a
codefendant. During the joint trial, the State presented eleven witnesses, including J.J.,
and numerous exhibits, including photographs, recorded phone calls, and blood samples. 
Neither appellant or Robertson II testified. After the close of the evidence, the jury returned
a guilty verdict for both defendants and sentenced them both to twenty years in prison. 

II. Effective Assistance of Counsel 

 In a single issue, appellant asserts that trial counsel's failure to insist on a separate
trial for his client rendered his entire representation ineffective. Specifically, appellant
asserts that allowing appellant's case to be jointly tried with the only defendant who could
be scientifically shown to have sexual contact with the child amounts to great prejudice. 

A. Standard of Review

 The right to counsel guaranteed by the Sixth Amendment is the right to the effective
assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The proper
standard for attorney performance is that of reasonably effective assistance. Id. at 687. 
Appellant's claim that his counsel's assistance was so defective as to require reversal of
his conviction requires a showing that (1) counsel's performance fell below an objective
standard of reasonableness under prevailing professional norms and (2) this deficient
performance prejudiced the defense by more likely than not altering the outcome of the
case. Id. at 687-94; Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)
(adopting the standard set forth in Strickland for ineffective assistance claims under the
Texas Constitution). The standard set forth in Strickland applies to claims of ineffective
assistance of counsel at each phase of trial. See Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex. Crim. App. 1999). 

 An allegation of ineffective assistance of counsel must be firmly founded in the
record with the record affirmatively demonstrating the alleged ineffectiveness. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In a direct appeal, a reviewing court
is rarely provided with a record capable of providing a fair evaluation of the merits of such
an allegation of ineffective assistance, as the record often does not adequately reflect the
failings of trial counsel. Id. at 813-14. Consequently, we indulge a strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance. Id. 

B. Analysis

 Appellant argues that his counsel rendered ineffective assistance by not seeking a
severance of his case from the case against his son, Robertson II. Appellant argues that
evidence that Robertson II was the father of the J.J.'s child was very prejudicial to
appellant. 

 A request for severance, when it is not required as a matter of law, is a purely
tactical decision to be made by trial counsel and his client. Woods v. State, 998 S.W.2d
633, 635 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). Even when a severance is
mandatory upon the request of counsel, (2) counsel may have strategic reasons for not
requesting severance. Id. For example, and pertinent here, the evidence may be such
that it is advantageous to be tried along with a codefendant because the contrast in
culpability or involvement between the two defendants favors a strategy of allowing the jury
to focus on the codefendant, rather than the alternative of being tried alone. Id. at 635-36. 
Thus, even though appellant may argue ineffective assistance under these circumstances,
that alone does not overcome the presumption that counsel's failure to request a
severance was sound in trial strategy. Id. at 636. 

 The record in this case, including appellant's motion for new trial and the record of
the hearing on appellant's motion for new trial, is silent as to the reasons appellant's
counsel agreed to the joint trial instead of requesting a severance. 

 Under these circumstances, we will not speculate regarding the manner in which
trial counsel conducted appellant's defense. Id. at 635-37. Appellant has not rebutted the
presumption that his counsel's failure to request a severance was a decision made in the
exercise of reasonable professional judgment. Id. at 636. Appellant's sole issue is
overruled. 

III. Conclusion

 The judgment of the trial court is affirmed. 


 

 ROGELIO VALDEZ

 Chief Justice




Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.

1. At trial, the judge confirmed with the codefendant's attorneys that the joinder of the case against
appellant with the case against Robertson II was by agreement: 


 The Court: And just for purposes of the record, you-all have consented to having these cases
tried together; is that correct, Mr. Hawkins? 

 

 Mr. Hawkins: Yes, your Honor. 

 

 The Court: Mr. Moeller?

 

 Mr. Moeller: That is correct. 
2. There are two grounds for mandatory severance upon timely request of counsel: (1) when there is
a previous admissible conviction against one defendant, and (2) when a joint trial could be prejudicial to any
defendant. See Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 2006); see also Qualley v. State, 206 S.W.3d
624, 636 (Tex. Crim. App. 2006).