Opinion issued
May 17, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00150-CR

———————————

MARCO A. CRUZ, Appellant

V.

THE
STATE OF TEXAS, Appellee



 



 

On Appeal from the 184th
District Court 

Harris County, Texas



Trial Court Case No. 1217901

 



 

 

 

 

 

 

MEMORANDUM
OPINION

          A
jury found appellant, Marco A. Cruz, guilty of the offense of aggravated
robbery, as charged in the indictment.[1]  The jury assessed his punishment at 45 years
in prison.  Because the indictment
alleged that appellant used a deadly weapon, namely, a firearm, in the
commission of the offense, the trial court included an affirmative
deadly-weapon finding in the judgment of conviction.  

          Appellant
raises one issue on appeal.  He contends
that he was denied effective assistance of counsel at trial.  Because we hold that appellant has failed to meet
his burden to show that he received ineffective assistance of counsel, we
affirm.

Background Summary

          On
the morning of Wednesday, May 27, 2009, the complainant, J. Downing, went to
work at Ace Pawn & Jewelry, a pawnshop owned and operated by his
family.  Around 9 a.m., six men came into
the store.  Downing was behind the
counter when he was approached by two of the men.  They told him that they had two pieces of jewelry
to pawn.  When Downing turned to get his
jewelry testing equipment, one of the men went behind the counter and pointed a
gun at him.  Downing grabbed his gun from
under the counter.  The two men stood
staring at one another with each pointing his gun at the other.  Downing did not want to have a shootout and
decided to put his gun down.  The robbers
tied up Downing, the other employees, and the store’s customers.  The men stole approximately $50,000 in cash
and over $500,000 in merchandise from the store and a Rolex watch from Downing.  

          Later
that day, narcotics officers with the Houston Police Department were working drug
interdiction at a local bus station.  The
officers noticed three cars stop in the middle of the parking lot.  The cars’ occupants, several men and a woman,
got out and began talking with each other. 
This struck the officers as unusual. 
One of the men took a suitcase from one of the cars.  He and another man walked away from the group
and toward one of the buses.  The first man
had the suitcase but, as they walked toward the bus, he gave it to the other man.  

          The
officers found the circumstances and the men’s behavior to be suspicious.  The officers approached the two men to speak
with them.  When the officers identified
themselves, the men acted nervous.  After
speaking with the officers for a short time, the first man ran but was
apprehended.  The other man with the
suitcase attempted to flee and struggled with one of the officers.  The first man was appellant; the other man
was David Coss. 


          The
officers opened the suitcase.  In it, they
found cash and merchandise taken from the pawnshop during the robbery earlier
that day.  

          The
police showed Downing a photo array, including appellant’s picture. Downing identified
appellant as the man who had pointed the gun at him during the robbery and
taken his Rolex watch.  One of the
store’s customers also identified appellant in a photo array as one of the robbers.  Another store customer identified Coss as one of the men who had robbed the store.  

          Appellant
and Coss were each indicted for the offense of aggravated
robbery.  The cases proceeded together,
to be tried jointly.  

          Coss’s counsel filed a motion to suppress, which
appellant’s defense counsel expressly adopted at the hearing on the
motion.  Coss
and appellant sought to suppress the identifications made by Downing and by the
two customers on the ground that the photo spreads were suggestive.  The motion to suppress was denied. 

          The
cases proceeded together to trial.  Voir dire began in the morning.  During the lunch recess, Coss
pleaded guilty.  When the venire returned
from lunch, the trial court orally instructed the venire as follows:

Over the lunch hour, Mr. Coss’s
case was resolved; and how that was resolved is irrelevant to any issue before
the jury.  So, at this time, the jury
will only be hearing Mr. Cruz’s case.  So,
that should greatly simplify the trial; and we might move [sic] a little earlier
than we would have otherwise.

 

          Voir dire then proceeded. 
The defense asked the venire regarding whether it could find someone
guilty based on “reasonable and trustworthy information that a particular
person has committed a particular crime.” 
Venire member number 57 responded, “They got this far.  They already have one foot on the guilty step.
. . .  Especially if he has a partner who
has already left us, you know, left this room.” 


          At
the bench, defense counsel expressed concern that the venire member’s statement
might bias or prejudice the jury.  The
trial court then instructed the venire as follows:

Let me just take up one matter with you.  The fact that the codefendant is no longer
here should not be used for any purpose whatsoever.  It’s irrelevant to any decision that you need
to make in this case, and you should not speculate about it.  It’s impossible to know what happened with
that case.  It may be that the State
decided they did not have enough evidence to proceed.  It may be that he entered a plea bargain for a
number of years.  But for you to
speculate about it or guess about it would be improper, and that should not
come into your consideration at all if you’re on the jury in this case.  So, I’m going to instruct you in that regard.
 But if there is anybody who feels that
it would influence them, we need to know that.  So, would you raise your hand, please, for [defense
counsel], if that will influence anybody in any way?

 

          Eight venire
members responded affirmatively, without giving or being asked for an
explanation.  Of those eight, only one
was seated on the jury.  

          At trial, the
State presented the testimony of the store owner, Downing, who positively
identified appellant in court as the person who had held him at gunpoint and
robbed the pawnshop.  In addition, the
store customer that had picked appellant out of the photo array also positively
identified him in court.  The State also
presented the testimony of the investigating police officers and of one of the
officers who had been working drug interdiction at the bus station when he
encountered appellant and Coss.  The officer testified that appellant had
acted nervous and fled the scene after the officers identified themselves.  

          The defense
presented the testimony of appellant’s sister. 
She testified that appellant had been with her at her apartment at the
time of the robbery.  

          Appellant
also testified.  He stated that he was
with his sister on the morning of the robbery. 
Appellant further testified that he had met Coss
and several other men at a club on the Sunday before the robbery.  One of the men asked appellant if he could give
them a ride to the bus station on Wednesday. 
Appellant testified that he went to the men’s hotel on Wednesday, May
27, 2009, to pick them up to take them to the bus station.  One of the men he drove to the bus station was
David Coss. 
Once at the station, appellant helped Coss
with his suitcase.  

          Appellant
testified regarding the encounter with the police at the bus station.  Appellant stated that, at the time, he was on
probation for driving while intoxicated. 
According to appellant, he ran from the police when he saw Coss struggling with one of the officers.  Appellant stated that he thought, if he were
caught in that situation, it may affect his probation.  

          Appellant testified
that he had never been to Ace Pawnshop & Jewelry.  He denied participating in the robbery.

          The jury
charge allowed appellant to be convicted as a principal or under the law of
parties.  The jury found appellant guilty
of the offense of aggravated robbery and assessed his punishment at 45 years in
prison.  Appellant did not file a motion
for new trial.  This appeal followed. 

          Appellant
presents one issue on appeal.  He
contends that he was denied effective assistance of counsel at trial violating
his federal and state constitutional rights. 


Applicable Legal Principles

To prevail on a claim of
ineffective assistance of counsel, an appellant must show the following: (1)
counsel’s performance fell below an objective standard of reasonableness; and
(2) a reasonable probability exists that, but for counsel’s errors, the result
would have been different.  See Strickland v. Washington, 466 U.S.
668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).  Failure to make the required showing of either
deficient performance or sufficient prejudice defeats the ineffectiveness
claim.  See Williams v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); Andrews, 159 S.W.3d at 101.  

          Appellant
bears the burden of proving by a preponderance of the evidence that counsel was
ineffective.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  Any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Id.  There is a presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance, and counsel’s performance will be found deficient only
if the conduct is so outrageous that no competent attorney would have engaged
in it.  Andrews, 159 S.W.3d at 101.  

The Court of Criminal Appeals
recently stated that “[i]n making an assessment of
effective assistance of counsel, an appellate court must review the totality of
the representation and the circumstances of each case without the benefit of
hindsight.”  Lopez v. State, 343 S.W.3d 137, 143
(Tex. Crim. App. 2011).  The court
further stated that demonstrating ineffective assistance of counsel on direct
appeal is “a difficult hurdle to overcome.” 
Id.  The court instructed, “[T]he record must
demonstrate that counsel’s performance fell below an objective standard of
reasonableness as a matter of law, and that no reasonable trial strategy could
justify trial counsel’s acts or omissions, regardless of his or her subjective
reasoning.”  Id.  

Analysis

          Appellant
frames his ineffective assistance of counsel issue as follows: “Although he
contends that the entire scope of trial counsel’s representation was defective,
Appellant specifically lists one instance where his trial counsel’s deficient
performance prejudiced him at trial. 
Appellant argues that his trial counsel was ineffective for failing to
seek a pretrial severance from his co-defendant, Mr. Coss.”

          It is
significant that appellant did not file a motion for new trial to permit trial
counsel to testify regarding his trial strategy.  Without his testimony, we are left to
speculate what counsel’s trial strategy was regarding the complaint appellant
raises against him.  Because the record
does not offer an explanation for his actions, we presume that trial counsel
made all significant decisions in the exercise of reasonable professional
judgment.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Broussard v. State, 68 S.W.3d 197, 199
(Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d).  Without testimony from trial counsel, we
cannot meaningfully address trial counsel’s strategic reasons for the actions
that appellant alleges constitute ineffective assistance.  See Crawford
v. State, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref’d) (citing Davis v. State, 930 S.W.2d 765, 769
(Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d)).  In short, we do not know why defense counsel
did not seek to sever appellant’s trial from that of Coss.

          Article 36.09
of the Code of Criminal Procedure provides that a court is to sever the trial
of two co-defendants if there is prejudice to one of them from the joinder or
if there is a “previous admissible conviction against one defendant.” Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 2006); see also Qualley
v. State, 206 S.W.3d 624, 636 (Tex. Crim. App. 2006).  We have previously held that the decision not
to seek severance, even if the trial court would have been obligated to grant
the motion, is a purely tactical decision.  See
Woods v. State, 998 S.W.2d 633, 635 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  

          In Woods, we used as an example a defendant
who might find it “advantageous to be tried along with a co-defendant with a
criminal record because the contrast in culpability or involvement between the
two defendants favors a strategy of allowing the jury to focus on the
co-defendant, rather than the alternative of being tried alone.”  Id. at 636.  Thus,
even though an appellant may argue ineffective assistance of counsel, that argument
alone does not overcome the presumption that counsel’s failure to request a
severance was sound trial strategy.  See id.

          Here, appellant
points out that his primary defense at trial was witness
misidentification.  Concomitantly,
appellant claimed that he had no involvement or knowledge of the robbery.  He testified that he barely knew Coss.  He claimed
that he was only helping Coss by giving him a ride to
the bus station.  

          Appellant
contends that trial counsel’s failure to request a pretrial severance
undermined this defense.  Even if we give
credence to appellant’s assertion, the record does not reveal what counsel’s
strategy was pretrial, when appellant contends counsel should have moved to
sever his case.  Coss
may have had a criminal record—as
discussed in Woods—that counsel planned to
exploit; however, because no motion for new trial was filed, the record is
silent on this point.   

          Counsel’s
strategy may have changed once Coss pleaded guilty
and was no longer attending trial.  Given
the silent record, we presume that counsel had a tactical reason for not
seeking a pretrial severance.  State v. Morales, 253 S.W.3d 686, 696 (Tex.
Crim. App. 2008) (“[U]nless there is a record sufficient
to demonstrate that counsel’s conduct was not the product of a strategic or
tactical decision, a reviewing court should presume that trial counsel’s
performance was constitutionally adequate . . . .”).  Regarding the lack of a motion to sever, appellant
has not met his burden to demonstrate ineffective assistance of counsel by a
preponderance of the evidence because he has not shown that his trial counsel’s
performance fell below an objective standard of reasonableness.  See
Strickland, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; Andrews, 159 S.W.3d at 101–02.

          Appellant
also asserts trial counsel was ineffective because he did not move for a
mistrial after Coss pleaded guilty during voir dire.  Appellant
contends that counsel’s failure to do so resulted in prejudice to him because
the jury was permitted to associate Coss’s guilt with
appellant.  Appellant points to the
comments of venire member 57 as proof that he was harmed by counsel’s failure
to act.  However, counsel raised a
concern with the trial court regarding venire member 57’s comments.  As a result, the trial court reiterated to
the venire not to speculate why Coss was no longer
present and not to consider his absence in reaching a decision, should a venire
member be seated on the jury.

          Only one
venire member who was seated on the jury indicated that Coss’s
absence may influence his decision. 
However, the record is silent regarding how the juror was influenced.  Thus, no showing was made that a reasonable
probability exists that, but for his counsel’s alleged deficient performance,
the outcome of the proceeding would have been different.  See
Andrews, 159 S.W.3d at 102.  

          Moreover, trial
counsel may have strategized that appellant would benefit if the jury believed Coss had pleaded guilty. 
Counsel may have theorized that this would highlight Coss’s
culpability while simultaneously minimizing that of appellant.  He may have thought this would make the jury
more likely to believe appellant’s story that he was an innocent bystander who
had been wrongly accused as a result of helping someone.  In any event, when the record is silent
regarding his motivations, we presume that trial counsel’s
actions and decisions were reasonable and motivated by sound trial strategy.[2]  See
Jackson, 877 S.W.2d at 771.  Thus, with respect to the lack of a motion
for mistrial, appellant has not met his burden to demonstrate ineffective
assistance of counsel by a preponderance of the evidence because he has not
shown that his trial counsel’s performance fell below an objective standard of
reasonableness.  See Strickland, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; Andrews, 159 S.W.3d at 101–02.

          We hold that
appellant has failed to show, by a preponderance of the evidence, that he
received ineffective assistance of counsel at trial.  See
Strickland, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068.  Accordingly, we overrule appellant’s sole
issue.  

 

 

 

Conclusion

          We affirm the
judgment of the trial court.  

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Justices
Higley, Sharp, and Huddle.

Do not publish.  Tex. R. App. P. 47.2(b).











[1]         See
Tex. Penal Code Ann. §
29.03(a)(2) (Vernon 2011).





[2]
        Appellant
also asserts, without developing the argument, that trial counsel’s performance
was deficient because he did not object to “the presence of [Coss’s] name on the jury charge.”  The only portion of the jury charge
containing Coss’s name is the application paragraph
regarding law of the parties.  However,
appellant has not shown that an objection to the charge would have been
successful; that is, he has not shown that law of the parties did not
apply.  Counsel is not ineffective for
failing to undertake futile actions.  See Mooney v. State, 817 S.W.2d 693, 698
(Tex. Crim. App. 1991); see also Ex parte
Chandler, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (“[A] reasonably
competent counsel need not perform a useless or futile act[.]”).  Also without developing the argument,
appellant asserts that counsel was ineffective for his failure “to challenge
the probable cause for the officer to even approach the Appellant,” presumably
by moving to suppress the evidence resulting from appellant’s encounter with
the police.  To satisfy his burden under Strickland, appellant is required to
prove that a motion to suppress would have been granted.  See Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Roberson v. State, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993) (stating
that, unless there is a showing that a pretrial motion had merit and that a
ruling on the motion would have changed the outcome of the case, counsel will
not be ineffective for failing to assert the motion).  Appellant has not made such showing.