**Opinion issued January 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00729-CR

———————————

**MICHAEL RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1313707**

---

**MEMORANDUM OPINION**

A jury found appellant, Michael Rivera, guilty of theft of property valued under $1,500—third offender, assessed punishment at two years' confinement, and assessed a fine of $2,500. *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp.

2012).  In his sole issue on appeal, he contends the trial court erred in denying his motion to sever his trial from that of a co-defendant.[1]  We affirm.

## BACKGROUND

At about 8 a.m. Saturday, January 15, 2011, Charles Wayne Carter drove by his business property on his way to the gas station to make sure the gate was closed. As Carter was leaving the gas station, he noticed two trucks and three unknown men enter his gated property, so he called the police. Officer Martinez responded to the call and arrived shortly thereafter.

When Officer Martinez arrived, he met with Carter and noticed a combination lock on the closed gate. Carter testified that he used a key lock on the gate, not a combination lock. Carter also told Officer Martinez that he had not given anyone permission to enter his property or load up any tractors.

As Officer Martinez was waiting for other officers to arrive at the property, he walked towards the back of the property and saw a passenger sitting in one truck and two men walking around a trailer with a tractor loaded on it. He took all three men into custody. Officer Martinez identified appellant as one of the three men he arrested. Also arrested was appellant's co-defendant, Angel Alejandro Cardenas.

---

[1]  Appellant was tried with his co-defendant, Angel Alejandro Cardenas.  This Court recently affirmed Cardenas's conviction.  *See Cardenas v. State*, No. 01-11-00728-CR, 2012 WL 4739958 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication).

2

Appellant told Officer Martinez that he met an unknown man at another scrap metal place and was told to enter Carter's business property and load the tractors in exchange for $150. According to appellant, the unknown man was the one who removed the lock from the gate. Appellant also told Officer Martinez he intended to sell the tractors for scrap and gave no information about the unknown man, except how appellant met the man at another scrap metal place. Cardenas initially told Martinez the same, but he later changed his story and told Martinez that no other person was involved.

## MOTION TO SEVER

In his sole point of error on appeal, appellant contends "[t]he trial court abused its discretion in refusing to grant Appellant's Motion to Sever Defendants, causing him to suffer prejudice." Specifically, appellant argues that "[b]y holding a consolidated trial, the Appellant was prejudiced in three ways: (1) evidence was introduced during the punishment phase of Cardenas's lengthier criminal record which could not have been used by the State in a separate proceeding against Appellant; (2) testimony that Cardenas changed his story to the police would not have been admissible against Appellant in a separate trial; and (3) common representation of Cardenas and Appellant by two lawyers from Romero & Associates created a conflict of interest which precluded Appellant from asserting his most viable defense."

The record shows that three days before trial commenced, appellant filed a motion to sever, in which he asserted that there was good cause for a severance because "[t]here are one or more previous admissible convictions with respect to the co-Defendant, ANGEL CARDENAS, the introduction of which would be prejudicial at the trial of MICHAEL RIVERA."

Article 36.09 of the Texas Code of Criminal Procedure governs motions to sever trials of co-defendants. This statute provides:

> Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that *in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance* as to the defendant whose joint trial would prejudice the other defendant or defendants.

TEX. CODE CRIM. PROC. ANN. art. 36.09 (Vernon 2007) (emphasis added).

In *Qualley v. State*, 206 S.W.3d 624 (Tex. Crim. App. 2006) (per curiam), the court stated that the language of article 36.09 "imposes two basic requirements for showing entitlement to a severance: (1) that the motion for severance be timely, and (2) that at least one of two possible grounds for severance be alleged, *with supporting evidence.*" *Id.* at 631 (emphasis added) (citing *Mulder v. State*, 707 S.W.2d 908, 915 (Tex. Crim. App. 1986) ("The mere allegation that prejudice will

4

result is not evidence of or sufficient showing of prejudice under Art. 36.09, particularly when the severance is discretionary with the trial judge")). The two grounds for severance are: (1) the co-defendant has a previous admissible conviction; and (2) a joint trial would prejudice the (moving) defendant. *Qualley*, 206 S.W.3d at 631.

Here, appellant's motion alleged only the first ground for severance, i.e., that Cardenas had a previous admissible conviction. Appellant did not base his motion to sever, or even reurge it as testimony was presented at trial, on either the change in Cardenas's story to the police or the alleged conflict between his and Cardenas's trial counsel. Because appellant's motion for severance was predicated upon different grounds—prior convictions, than that advanced on appeal—prejudice, he has not preserved the prejudice issue for review. *Luna v. State*, 264 S.W.3d 821, 831 (Tex. App.—Eastland 2008, no pet.); *see Qualley*, 206 S.W.3d at 638. Thus, we conclude that it is not an abuse of discretion for the trial court to deny a motion to sever on a ground not raised in the motion and for which no evidence was presented. *See Ransonette v. State*, 550 S.W.2d 36 (Tex. Crim. App. 1976). Furthermore, appellant did not present any evidence before the trial court on the issue of a severance based on prejudice as a result of conflicting defenses or a conflict between counsel. *Davila v. State*, 4 S.W.3d 844, 847 (Tex. App.—Eastland

5

1999, no pet.) ("It is not an abuse of discretion for the trial court to deny a motion to sever when no evidence is presented to support the motion.").[2]

Therefore, we will address only the issue raised in the motion, i.e., whether appellant was entitled to a severance based on Cardenas's previous admissible convictions. The court of criminal appeals considered this ground for severance in *Robinson v. State*, and stated as follows:

> As we interpret Article 36.09, supra, the mandatory ground for severance that one defendant has "a previous admissible conviction" against him is applicable only where one defendant has no prior criminal record or at least no prior admissible conviction and the co-defendant has a prior conviction or convictions which are admissible. At either stage of the bifurcated trial, if the defendants all have prior admissible convictions, the ground for severance must be based on the fact that "a joint trial would be prejudicial" as a result thereof, i.e., the nature of the prior convictions against one defendant, the large number of such convictions admissible against one defendant as compared to those admissible against the other defendant, etc.

449 S.W.2d 239, 240–41 (Tex. Crim. App. 1969).

As such, the mandatory ground for severance, that one defendant has "a previous admissible conviction," is applicable only when one defendant has no prior criminal record or at least no prior admissible conviction and the co-defendant has a prior conviction that is admissible. If both defendants have prior admissible convictions, the request for severance must be based on the fact that a joint trial

---

[4]    In fact, the record does not show that appellant requested a hearing on his motion to sever, nor does the record show that appellant objected that the trial court refused to hold a hearing. As such, nothing is presented for review. *See* TEX. R. APP. P. 33.

would be prejudicial. This latter ground is addressed to the sound discretion of the trial court. *See Dawson v. State*, 477 S.W.2d 277, 279 (Tex. Crim. App. 1972); *Robinson,* 449 S.W.2d at 241.

While it is true that Cardenas had five prior convictions, as opposed to four by appellant, it should be noted that all four of appellant's prior convictions were felonies—three felony theft convictions and one felony conviction for burglary of a building. In contrast, Cardenas had only two felony theft convictions, along with three misdemeanor convictions for burglary of a motor vehicle. Thus, the trial court did not abuse its discretion in concluding that Cardenas's prior criminal would not cause prejudice to appellant, especially in light of appellant's own, more serious felony criminal record.

## MOTION FOR NEW TRIAL

Although it is not clear from the briefing, appellant also seems to be complaining that the trial court erred in overruling his motion for new trial, in which he reurged the severance issue.

"An appellate court reviews a trial court's denial of a motion for new trial under the 'abuse of discretion' standard." *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b), *as recognized in State v. Herndon*, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007). "We do not substitute our judgment for that of the trial court, but

7

rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party." *Id.* "Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.*

*Severance*

At the motion for new trial, appellant reurged his motion to sever based on Cardenas's prior convictions, but at the new trial hearing he also argued that severance should be granted because (1) Cardenas's inconsistent statements to police were admitted at trial and (2) his trial counsel and Cardenas's counsel had a conflict in light Cardenas's testimony.

However, the purpose of filing a motion to sever is to alert the trial court to potentially prejudicial evidence and to allow the court an opportunity to rule on the motion as the prejudicial evidence becomes apparent. *Aguilar v. State*, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000). A motion to sever on the grounds of unfair prejudice under article 36.09 is "timely" if made at the first opportunity or as soon as the grounds for prejudice become apparent or should have become apparent, thus providing the trial court an opportunity to rule on the potentially prejudicial evidence at the time it is introduced. *Id.* at 910. Implicit in the requirement that

8

the motion be timely is a requirement that the underlying grounds be alleged in a timely fashion as well. *Qualley*, 206 S.W.3d at 638. A new ground is in essence a new motion, and its timeliness should be viewed accordingly. *Id.*

Because appellant did not reurge his motion to sever as soon as Cardenas's testimony was offered, but, instead chose to wait and present these new ground for severance at the motion for new trial, the trial court could have reasonably concluded that the motion was untimely.

*Ineffective Assistance of Counsel*

Appellant also contends that he received ineffective assistance of counsel because his counsel did not seek a severance based on a conflict, which he alleges is based on the fact that his attorney and Cardenas's attorney worked at the same law firm. He contends that once evidence about Cardenas's inconsistent statements to police was admitted at trial, the defendants then had antagonistic defenses, the conflict by the attorneys' firm relationship was apparent, and a motion to sever should have been sought on that basis.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard for claims of ineffective assistance of counsel). Under *Strickland*, a defendant must show (1)

that the counsel's performance was deficient and (2) that the defendant was prejudiced by the deficient performance. 466 U.S. at 687, 104 S. Ct. at 2064. Counsel's performance is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." 466 U.S. at 688, 104 S. Ct. at 2052; *see also Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). An accused is not entitled to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Therefore, counsel's effectiveness is assessed from the perspective at trial, "without the distorting effects of hindsight." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Our review of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. We presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Id.*

At the hearing on the motion for new trial, appellant's trial counsel testified that he filed a motion to sever based on Cardenas's convictions and requested a hearing "just prior to trial." He further testified that the trial judge indicated that he was not going to hear it. However, he never objected to the trial court's refusal to hear the motion or rule, and in fact, the record contains a signed order overruling the motion.

However, there is nothing in the record to show why trial counsel did not seek a severance based on any prejudice caused by Cardenas's inconsistent

statements or by the alleged conflict created by having appellant and Cardenas represented by members of the same firm. This Court has held that the decision not to seek severance, even if the trial court would have been obligated to grant the motion, is a purely tactical decision. *See Woods v. State*, 998 S.W.2d 633, 635 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

In *Woods*, we used as an example a defendant who might find it "advantageous to be tried along with a co-defendant with a criminal record because the contrast in culpability or involvement between the two defendants favors a strategy of allowing the jury to focus on the co-defendant, rather than the alternative of being tried alone." *Id.* at 636. Thus, even though an appellant may argue ineffective assistance of counsel, that argument alone does not overcome the presumption that counsel's failure to request a severance was sound trial strategy. *See id.*

Additionally, to show ineffective assistance of counsel based on a conflict, an appellant must show (1) counsel had an *actual* conflict of interest and (2) that conflict adversely affected counsel's performance at trial. *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007). An actual conflict exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's interest. *Id.*; *James v. State*, 763 S.W.2d 776, 778–79 (Tex. Crim. App. 1989). An appellant must

11

identify specific instances in the record that reflect a choice that counsel made between possible alternative courses of action, such as "eliciting (or failing to elicit) evidence helpful to one client but harmful to the other." *Ramirez v. State*, 13 S.W.3d 482, 488 (Tex. App.—Corpus Christi 2000, pet. dism'd) (quoting *Perillo v. Johnson*, 79 F.3d 441, 447–48 (5th Cir. 1996)).

Appellant does not point to any specific instances in the record where Cardenas's interests were advanced at his expense. The two defendants pursued a consistent defensive theory that they had no intent to steal, but were given permission to enter the property and remove the tractor. That Cardenas made some inconsistent statements to police casting doubt on this defense does not indicate that appellant's counsel advanced other interests before appellant's own. As such, the trial court could have reasonably concluded that appellant failed to show an actual conflict of interest.

Finally, a defendant may knowingly and voluntarily waive the right to conflict-free representation. *See Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981); *Brink v. State*, 78 S.W.3d 478, 485 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Such a waiver need not be on the record unless the trial court is alerted to or is actually aware of an actual conflict of interest. *Perez v. State*, 352 S.W.3d 751, 756 (Tex. App.—San Antonio 2011, no pet.)

Here, appellant never complained about a conflict of interest either at trial or in his written motion for new trial. It was not until argument at the close of the motion for new trial hearing that the possibility of a conflict was ever raised. And, most importantly, appellant never testified and there is nothing in the record to show that that he did not waive the conflict.

Therefore, we conclude that the trial court did not abuse its discretion in overruling appellant's motion for new trial.

## CONCLUSION

We overrule appellant's sole point of error and affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

13