

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00259-CR

---

CHRISTOPHER JAY DUTTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 110th District Court
Briscoe County, Texas
Trial Court No. 1277, Honorable William P. Smith, Presiding

---

May 19, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and DOSS, JJ.

Appellant, Christopher Jay Dutton, appeals from his convictions by jury of three counts of sexual assault of a child[1] and the resulting stacked 20-year sentences and $10,000 fines for each.[2]  He challenges his convictions through two issues, arguing the evidence supporting counts two and three was insufficient to support his convictions of

---

[1] *See* TEX. PENAL CODE § 22.011 (setting forth offense of sexual assault of a child).

[2] TEX. PENAL CODE § 12.33 (setting forth punishment for second degree felony as imprisonment for any term of not more than 20 years or less than two years and a fine not to exceed $10,000).  The trial court granted the State's motion to cumulate the sentences and fines.

those counts and his trial counsel was ineffective for failing to move to sever each of the three counts. We affirm.

Appellant was charged by indictment with three counts of sexual assault of a child. Count one alleged Appellant intentionally and knowingly caused the penetration of the mouth of a child under the age of 17 by Appellant's sexual organ on or about June 1, 2017. Count two alleged Appellant intentionally and knowingly caused the penetration of the sexual organ of a child under the age of 17 on or about June 1, 2019. Count three alleged Appellant intentionally and knowingly caused the penetration of the anus of a child under the age of 17 on or about June 1, 2019.

The matter was tried before a jury in August 2025, during which several witnesses testified. The evidence showed the child victim, K.K., was born in September 2002. She lived with her father and stepmother until she moved in with her mother during seventh grade. She moved to Silverton with her mother when she was in eighth grade. There, she lived with her brother, mother, and stepfather (Appellant). Her half-sister also lived there for a period of time.

K.K. said that during eighth grade, Appellant began to tell her she could get ungrounded if she performed oral sex on him. On one occasion, he "unzipped his pants, pulled his underwear down, and then grabbed her by the back of the head and forced her mouth on his penis." There were other occasions on which this occurred. Later, the interactions escalated, leading to Appellant performing vaginal sex and anal sex on her. K.K. did not report the assaults until April 2021.

Defense witnesses testified they never heard any inappropriate comments or saw improper acts by Appellant toward K.K., nor did they see punishments reduced for K.K. by Appellant. K.K.'s mother told the jury K.K. was not a truthful person. Appellant denied all of the allegations.

**ANALYSIS**

Issue One—Sufficiency of the Evidence

Via his first issue, Appellant claims the evidence concerning counts two and three was legally insufficient to show beyond a reasonable doubt that he was guilty of each. He argues the jury relied on evidence to support count one to convict him of all three because that evidence prejudiced the jury against him.

Due process requires that a conviction be based on legally sufficient evidence. *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021). The only standard a reviewing court should apply is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). When reviewing the sufficiency of the evidence, we consider all evidence, direct and circumstantial and whether properly or improperly admitted, and view it in the light most favorable to the verdict. *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In doing so, we compare the statutory elements as defined by a hypothetically correct jury charge. *Id.* The trier of fact is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable

3

inferences from the facts so long as each is supported by the evidence presented at trial. *Id.*; *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Dunham*, 666 S.W.3d at 482. The uncorroborated testimony of a child victim alone is sufficient to support a conviction for a sexual offense. TEX. CODE CRIM. PROC. art. 38.07.

Under section 22.011, a person commits an offense, regardless of whether the person knows the age of the child at the time of the offense, if the person intentionally or knowingly: (A) causes the penetration of the anus or sexual organ of a child by any means; (B) causes the penetration of the mouth of a child by the sexual organ of the actor; (C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or (E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor. TEX. PENAL CODE § 22.011(2).

K.K. testified Appellant made her perform oral sex on him, beginning when she was 14 and continuing until she was 16. She said it happened many times and at least once a week.[3] K.K. also said Appellant wanted to try something other than oral sex and had tried something with her mother that he wanted to try with her. He made her get on the bed without clothes on, in "doggie position" with her "butt up in the air" and penetrated her anally. She said it hurt.[4] K.K. further testified Appellant made her have vaginal sex

---

[3] This testimony pertains to count one of the indictment.

[4] This testimony pertains to count three of the indictment.

4

with him after she had gotten into trouble near the end of her sophomore year[5] after she moved back into the home.[6]

Appellant concedes K.K.'s testimony is sufficient to convict him of the allegation in count one. However, he argues, "the jury convicted as to count two and three based on prejudice from the evidence heard about count one." He points out K.K. did not say where the alleged incident of vaginal sex occurred, nor did she provide any other evidence about the incident. He also notes defense witnesses testified they never saw any wrongdoing by Appellant toward K.K. and that K.K. was not honest.

The jury could have reasonably believed the testimony from K.K. that Appellant committed the offenses as she described and disbelieved the testimony to the contrary. As fact finder, the jury is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Based on K.K.'s testimony, the jury could have reasonably found Appellant engaged in conduct that meets the required elements of sexual assault of a child under the age of 17 as described in counts two and three of the indictment.

We overrule Appellant's first issue.

Issue Two—Ineffective Assistance of Counsel

By his second issue, Appellant argues his trial counsel was ineffective because he failed to move to sever each of the three counts. He contends this was not a strategic

---

[5] This testimony pertains to count two of the indictment.

[6] K.K. had gone to live with her father for a semester.

5

decision and it caused undue prejudice and an unfair trial because it allowed the jury to be prejudiced by the evidence presented to support count one. This, he claims, led the jury to find him guilty of counts two and three even though there was, according to him, insufficient evidence to support a finding of guilt as to those counts.

To demonstrate ineffective assistance of counsel, an appellant must show, first, that counsel's performance was deficient, i.e., it fell below an objective standard of reasonableness, and second, that appellant was prejudiced in that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Both prongs must be satisfied. *Id.* To be sustained, an allegation of ineffective assistance must be affirmatively demonstrated in the record. *Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011).

Under section 3.04 of the Penal Code, a defendant is entitled to move to sever two or more offenses that are consolidated or joined for trial. TEX. PENAL CODE § 3.04. However, there are exceptions for certain types of cases, including the offenses at issue in the case before us. *Id.* In cases like this, a defendant's right to severance does not apply unless the court determines the defendant or the State would be unfairly prejudiced by the joinder. *Id.* at § 3.04(c). Further, under section 2 of article 38.37, the State is permitted to introduce multiple acts of sexual assaults by the defendant on the child victim notwithstanding the restrictions on character evidence found in the rules of evidence. TEX. CODE CRIM. PROC. art. 38.37, § 2.

There is nothing in the record that provides an explanation for trial counsel's strategy in choosing not to move to sever these counts. And, there are appropriate

reasons for such a strategy. *See Woods v. State*, 998 S.W.2d 633, 635–36 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (the choice not to move to sever, even if the trial court would have been obligated to grant the motion, is a purely tactical decision). Given the silent record, we cannot conclude counsel's performance fell below the objective standard of reasonableness. *See Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) ("[a] silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance . . . if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient"). *See also De Los Santos v. State*, 219 S.W.3d 71, 75 (Tex. App.—San Antonio 2006, no pet.) (finding defendant failed to satisfy first prong of *Strickland* test because record was silent as to counsel's reasons for not requesting separate trials).

Further, even if we were to assume the first prong of the *Strickland* test was satisfied, we cannot find the second has been met. Appellant's complaint centers on his belief that because the jury heard evidence of the numerous instances of oral sex alleged in count one, it found him guilty of counts two and three even though there was insufficient evidence supporting those counts. He characterizes the evidence underlying counts two and three as lacking or "weak" in relation to the evidence supporting count one because there was evidence of only one instance of each of those acts compared to many instances of the conduct alleged in count one. Notwithstanding the fact that there was no requirement for the State to show more than one instance of the sexually assaultive

conduct alleged in counts two and three,[7] Appellant has not shown that but for counsel's alleged error, the result of his trial would have been any different.

First, Appellant has not shown that if his trial counsel had moved for a severance, it would have been granted. Indeed, it is unlikely. Second, under article 38.37, the State would have been allowed to introduce the evidence supporting count one in a trial on count two and on count three. *See Trice v. State*, 721 S.W.3d 614, 625–26 (Tex. App.—Eastland 2025, pet. ref'd) (stating, "the same evidence would have been admissible even if Counts One through Six had been tried separately from Count Seven. [The victim's] testimony could have been admitted at the trial of any of the other counts pursuant to Article 38.37 and vice versa."). Consequently, the evidence would not have been any different if the counts had been severed and Appellant has not shown that the same evidence presented in severed trials would produce a different outcome. Appellant has therefore failed to satisfy prong two of the *Strickland* test.

We overrule Appellant's second issue.

## CONCLUSION

Having resolved Appellant's issues against him, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.

---

[7] Counts two and three only alleged one instance of the conduct. Count two alleged one instance of vaginal penetration with Appellant's sexual organ and count three alleged one instance of anal penetration with Appellant's sexual organ. We note also that the acts alleged in count one are very different than, and would not be confused with, the actions alleged in counts two and three.